### 36869. ANDERSON v. SAVANNAH MACHINE & FOUNDRY COMPANY.

TOWNSEND, J. 1. The construction placed upon a Federal statute by a United States Court of Appeals, where certiorari has been denied by the United States Supreme Court, is, if not absolutely binding upon this court (see *Bugg* v. *Consolidated Grocery Co.*, 155 *Ga.* 550, 552, 118 S. E. 56) at least entitled to high persuasive consideration (*Morgan* v. *Limbaugh*, 75 *Ga. App.* 663, 666, 44 S. E. 2d 394).

2. It is provided under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, that the benefits awarded under that act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death." It is held in Smither & Co. v. Coles, 242 Fed. 2d 220 (cert. den. 354 U. S. 914, 77 Sup. Ct. 1299, 1 L. ed. 2d 1429) that the provisions of this act exclude a suit for damages for loss of consortium brought by the wife of an injured employee where the employee has received benefits under the act, and this case expressly overrules that part of Hitaffer v. Argonne Co., 183 Fed. 2d 811 in which a contrary decision was reached. The petition in the case before us

does not state whether or not the plaintiff's husband has received compensation but does allege that he was "subject to and covered by the United States Longshoremen's and Harbor Workers' Compensation Act." So far as appears from the petition, the coverage extended by the act in 33 U. S. C. A. § 903 applies to the husband and nothing that is alleged in the petition authorizes the conclusion that the exception provided for in 33 U. S. C. A. § 905 is applicable. The allegation being that the husband is subject to the act and there being no allegation to the contrary, it must accordingly be inferred that the employee either has received or is eligible to receive the benefits provided by the act. By its own terms it is exclusive and in place of all other liability to the employee or the employee's wife. Accordingly, under the plain wording of the act and in view of the decision of the United States Court of Appeals in the Smithers case, we can reach no other conclusion than that the trial court properly sustained a general demurrer to a petition brought for damages for loss of consortium by the wife of an injured employee who was subject to receive compensation under the statute, the demurrer challenging the plaintiff's right to recover on this ground.

The trial court did not err in dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 16, 1957—REHEARING DENIED NOVEMBER 1, 1957.

*Malcolm Maclean, Connerat, Dunn, Hunter, Cubbedge & Houlihan,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Kirk McAlpin,* contra.