Marie **HILTON**, Appellant,

v.

**FIFTEEN HUNDRED MASSACHU-SETTS AVENUE, Inc., Appellee.**

No. 14365.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1958.

Decided Oct. 23, 1958.

Petition for Rehearing In Banc Denied Dec. 23, 1958.

---

1. D.C.Code, § 47–1574 et seq. (1951).

Mr. I. William Stempil, Washington, D. C., for appellant.

Mr. H. Mason Welch, Washington, D. C., with whom Messrs. J. Harry Welch, J. Joseph Barse, Arthur V. Butler and Walter J. Murphy, Jr., Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant filed suit in the District Court against her husband's employer for loss of services resulting from an injury to her husband which occurred in the course of the husband's employment.

The record discloses that appellant's husband filed suit against a third party claimed to be responsible for the injuries, and thus elected not to receive compensation under the Workmen's Compensation Act.[1] After that suit was filed, a settlement was reached between the third party and appellant's husband and a release was signed, in which the wife (appellant here) joined.

Thereafter, the present action was filed, which, on motion for summary judgment, was decided adversely to the wife. This appeal followed.

The liability of an employer for injuries to employees is limited to the compensation provided in the Compensation Act. To allow recovery by the wife, under the circumstances of this case, would extend that liability contrary to the plain provisions of the Act. Cf., Smither & Co. v. Coles, 1957, 100 U.S.App.D.C. 68, 242 F.2d 220; Underwood v. United States, 10 Cir., 1953, 207 F.2d 862. We agree with the District Court that appellant has no right to maintain her action against the employer.

It is not necessary for us to pass upon appellee's claim that "[a]cceptance of consideration in return for an unconditional release to a tortfeasor constitutes a bar to an action against any other person who may be severally or jointly liable."

Affirmed.

---

1. § 36–501, D.C.Code (1951). It is not disputed that appellee employer had secured insurance for the payment of compensation to its employees, including appellant's husband, as required by the statute.