VERNA FRICK, as Administratrix of the Estate of GERALD R. FRICK, Deceased, Respondent, *v.* NANCY L. HORTON, as Administratrix of the Estate of MURRAY R. HORTON, Deceased, Appellant, et al., Defendants.

Third Department, May 27, 1964.

*Crasper & Kirsch* (*Vincent F. Kirsch* of counsel), for appellant.

*O'Connell, McEwan & Du Pre* (*Thomas E. Du Pre* of counsel), for respondent.

*Per Curiam.* The defendant administratrix appeals from the denial of her motion for summary judgment dismissing the complaint as to her on the ground that the action, which is to recover damages for decedent's death, occurring in the course of his employment through the alleged negligence of movant's intestate, his fellow employee, is barred by section 29 of the Workmen's Compensation Law.

It has been adjudicated that decedent's death was an industrial accident and his widow and minor child, as dependents, have been given a workmen's compensation award. (*Matter of Frick* v. *Rouse Constr. Corp.*, 19 A D 2d 685.) Subdivision 6 of section 29 of the Workmen's Compensation Law, provides that, had he lived, plaintiff's intestate could not have sued his coemployee for injuries arising in and out of the course of employment. Section 130 of the Decedent Estate Law, pursuant to which this action is brought, gives the decedent's representative the right to sue only such parties as the decedent could have sued had he lived. Since decedent could not have sued his coemployee, an action brought for the benefit of his next of kin may not be maintained under the express wording of section 130 of the Decedent Estate Law.

The same result would follow if, without reference to section 130, we were to consider only the fabric of the Workmen's Compensation Law itself. In substituting certainty of compensation for the hazards of litigation of work-connected injuries, it is too clear to require discussion that the act was intended to comprehend and govern *all* the interacting relations of employee, follow employee and employer. (Cf. *Naso* v. *Lafata,* 4 N Y 2d 585, 591; *Rauch* v. *Jones,* 4 A D 2d 572, 575, affd. 4 N Y 2d 592.) It is inconceivable that the Legislature intended to deprive a coemployee such as appellant's intestate of his common-law rights, in the event he should sustain an industrial accident, while leaving him exposed to suit and damage, however limited the basis, at the

behest of the legal representative of a fellow employee injured in the very same accident.

To the extent that the decisions in *Van Wormer* v. *Arnold* (255 App. Div. 233) and *Lundeby* v. *Doty* (256 App. Div. 1105) may afford authority to the contrary, we are unable to follow them.

The order should be reversed, on the law and the facts, and the motion granted.

GIBSON, P. J., REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur.

Order reversed, on the law and the facts, and motion for summary judgment dismissing the complaint as to appellant granted, without costs.