Joyce Gail GORDON, Administratrix of the
Estate of Timothy Taylor Gor-
don, Deceased, Appellant,

v.

BURGESS CONSTRUCTION COMPANY, an
Alaska corporation et al., Appellee.

No. 716.

Supreme Court of Alaska.

April 3, 1967.

Robert A. Parrish, Fairbanks, for appel-
lant.

George M. Yeager and David H. Call,
Fairbanks, for appellee, Howard Staley, of
Merdes, Schaible, Staley & DeLisio, Fair-
banks, filed a brief in support of appellee's
legal position.

## OPINION

Before NESBETT, C. J., RABINO-
WITZ, J., and SANDERS, Superior Court
Judge.

NESBETT, Chief Justice.

The question presented is whether the
scope of employer coverage originally pro-
vided by the Defective Machinery Act has
been retained, separate from and undimin-
ished by the coverage provided by the later
enacted Workmen's Compensation Act, or
whether its coverage has been correspond-
ingly reduced by each extension of coverage
given to the Compensation Act, during the
fifty years of their coexistence.

In 1913, the Alaska Territorial Legisla-
ture enacted the Defective Machinery Act
which made any person engaged in manu-

facturing, mining, constructing, building, or other business or occupation carried on by means of machinery or mechanical appliances liable to an employee for all damages resulting from the negligence of any of the employer's officers, agents, or employees, or by reason of defect or insufficiency "due to the employer's negligence in the machinery, appliances and works." [1] The act also provided that the contributory negligence of the employee was no bar to recovery where his contributory negligence was slight and the negligence of the employer was gross in comparison, but that the damages awarded should be reduced in proportion to the amount of negligence attributable to the employee.[2]

This act has not been amended in any significant manner during the fifty-three years of its existence and is presently codified in the Alaska Statutes as above noted.

In 1915, two years after enactment of the Defective Machinery Act, the Alaska Territorial Legislature enacted Alaska's first Workmen's Compensation Act.[3] This act covered only employers in the mining industry who employed five or more persons and who had not elected to reject the provisions of the act. It also provided that the remedy granted therein was exclusive.

The Workmen's Compensation Act has been amended approximately twenty-nine times in the fifty years preceding the commencement of this suit. Its coverage of employers and occupations has been gradually extended. Since its enactment it has always provided that the remedies provided therein were exclusive. Those amendments considered to be most pertinent to the issues of this case are mentioned in the following paragraphs.

SLA 1923, chapter 98 extended the coverage to include all employers of five or more employees in connection with any business, occupation, work, employment or industry *except* domestic service, agriculture, dairying, or the operation of railroads as common carriers.

SLA 1946, chapter 9 extended the employers included to those employing three or more employees, but retained the group of "excepted" employers mentioned in the 1923 amendment above. This amendment also provided that failure of the employer to secure his liability under the act permitted the injured employee to elect to claim compensation under the act, or to maintain an action for damages. Furthermore, where the employee elected to sue for damages, the employer could not assert the common law defenses of the fellow-servant rule, assumption of risk, or contributory negligence.

SLA 1953, chapter 60 extended coverage to all employers of one or more employees, excepting employers in domestic service, agriculture, dairying, or in the operation of railroads as common carriers.

SLA 1959, chapter 193 repealed the Workmen's Compensation Act in its en-

---

1. This act is now AS 23.25.010–040. AS 23.25.010 states:

   A person engaged in manufacturing, mining, constructing, building, or other business or occupation carried on by means of machinery or mechanical appliances is liable to an employee or, in the event of his death, to his personal representative for the benefit of his widow and children, if any, or if none, then for his parents, or, if neither widow, nor children nor parents, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of the employer's officers, agents, or employees, or by reason of defect or insufficiency due to the employer's negli-
   gence in the machinery, appliances and works.

2. AS 23.25.020 states:
   In an action against a master or employer under § 10 of this chapter the fact that the employee may have been guilty of contributory negligence does not bar a recovery where his contributory negligence was slight and the negligence of the employer was gross in comparison, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee. All questions of negligence and contributory negligence are for the jury.

3. SLA 1915, ch. 71.

tirety and enacted a new Workmen's Compensation Act patterned after the Federal Longshoremen's and Harbor Workers' Compensation Act. The new act excluded from coverage "Part time baby sitters, cleaning persons, harvest help and similar part time or transient help."[4] These same exclusions are contained in the present act.[5] Also excluded by the present act are executive officers of municipal, charitable, religious, educational, or any other non-profit corporations, who have not been brought within the coverage by the election of their employer corporations and executive officers of private business corporations who have waived coverage under the act.[6]

Since its reenactment in 1959 the Workmen's Compensation Act has provided that the liability of an employer under the act "shall be exclusive and in place of all other liability of such employer."[7] Previously the act had always provided that the remedy was "in lieu of all rights and remedies as to such injury now existing either at common law or otherwise."

The complaint filed by appellant alleged that decedent met his death while working with defective machinery provided by his employer, the appellee, whose liability for damages was charged under the Defective Machinery Act. The trial court granted appellee's motion to quash service of summons and dismiss the complaint on the ground that the court did not have jurisdiction since appellant's exclusive remedy was under the Workmen's Compensation Act.

Appellant's theory on appeal is that the Defective Machinery Act provides a cause of action, where defective machinery has been employed, which is separate and apart from the coverage provided by the Workmen's Compensation Act and that the employer may not claim the benefit and protection of the limited liability of the Workmen's Compensation Act.

Appellee argues that employers covered by the Workmen's Compensation Act are exempt from any other liability; that the numerous amendments to the act over the years have extended its coverage and correspondingly narrowed that of the Defective Machinery Act, and that the two acts can and should be construed to be harmonious rather than in conflict.

We are of the opinion that appellee's anaylsis of the proper relationship of the two acts is correct. Where a reasonable construction of a statute can be adopted which realizes the legislative intent and avoids conflict or inconsistency with another statute this should be done.[8]

When the Defective Machinery Act was enacted its coverage was comprehensive. There was no other similar coverage provided by Alaska law. Upon the enactment of the first Workmen's Compensation Act two years later, the coverage provided by the Defective Machinery Act was reduced to the extent that it no longer applied to employers in the mining industry employing five or more persons who had not rejected the provisions of the act. This reduction in coverage resulted from the particular wording of the compensation act, that the liability provided therein was exclusive and "in lieu of all rights and remedies as to such injury now existing either at common law or otherwise."[9] The Defective Machinery Act's application to all other classes of employers was not disturbed.

As each subsequent amendment of the Workmen's Compensation Act extended its coverage, the coverage of the Defective Machinery Act was correspondingly reduced by reason of the provision in the

---

4. SLA 1959, ch. 193, § 33(3).

5. AS 23.30.230.

6. AS 23.30.240.

7. SLA 1959, ch. 193, § 4. This provision, as amended by SLA 1962, chapter 42, is now the subject matter of AS 23.30.055.

8. See Ziegler v. Witherspoon, 331 Mich. 337, 49 N.W.2d 318 (1951); Brunette v. Bierke, 271 Wis. 190, 72 N.W.2d 702 (1955).

9. SLA 1915, ch. 71, § 7.

Workmen's Compensation Act that the remedies provided therein were exclusive.

■ After the repeal and reenactment of the Compensation Act in 1959 its coverage was quite broad, yet it excepted and still excepts part time baby sitters, cleaning persons, harvest help, and similar part time or transient help as well as certain classes of corporate executive officers. Although the coverage provided by the Defective Machinery Act has been drastically reduced, it still cannot be said that its application to all classes of employers has been eliminated.[10]

We do not adopt appellant's argument that the Alaska Legislature, by continuing the Defective Machinery Act in existence after enactment of the Workmen's Compensation Act, evidenced its intent to exclude defective, dangerous machinery from the coverage of the Compensation Act in order to coerce employers to furnish safe machinery.

■ A more logical interpretation of legislative intent, and that subscribed to by most courts, is that the remedies provided by a workmen's compensation act are intended to be in lieu of all rights and remedies as to a particular injury whether at common law or otherwise. The social philosophy responsible for workmen's compensation legislation has been well expressed by Professor Larson as follows:

The ultimate social philosophy behind compensation liability is belief in the wisdom of providing, in the most ef-ficient, most dignified, and most certain form, financial and medical benefits for the victims of work-connected injuries which an enlightened community would feel obliged to provide in any case in some less satisfactory form * * *.[11]

The court's observation in Frick v. Horton[12] is particularly applicable to the issue before us:

In substituting certainty of compensation for the hazards of litigation of work-connected injuries, it is too clear to require discussion that the act was intended to comprehend and govern all the interacting relations of employee, fellow employee and employer.

Appellant points out that the Defective Machinery Act was codified into the Compiled Laws of Alaska 1933, the Alaska Compiled Laws Annotated in 1949, and finally into the Alaska Statutes in 1962 where it is presently found. Appellant seems to equate the codification and recodification of the act with repeal and reenactment and appears to imply that somehow this is evidence that the legislature intended that the Defective Machinery Act supply a remedy in this case.

■ The answer is that the statute compilers and revisors had no authority to add to or eliminate any of the statutes they were required to work with. Compiling, codifying, or revising are not the same as repealing and reenacting. The fact that the Defective Machinery Act survived both codifications and a revision does not lend

---

10. We attach no controlling significance to the fact that, in reenacting the Workmen's Compensation Act in 1959, the Alaska Legislature substituted the wording of the Longshoremen's and Harbor Workers' Compensation Act with respect to the exclusiveness of the remedy, eliminating the wording "at common law or otherwise" which had theretofore been employed. Both provisions are quoted on page 5 of this opinion. Both provisions had consistently been construed by the courts to mean that the remedies provided were exclusive in fact. E. g., Mellen v. H. B. Hirsh & Sons, 82 U.S.App.D.C. 1, 159 F.2d 461, cert. denied, 331 U.S. 845,

67 S.Ct. 1534, 91 L.Ed. 1855 (1947); Richard v. Fireman's Fund Ins. Co., 384 P.2d 445 (Alaska 1963); Aho v. Chichagoff Mining Co., 6 Alaska 528 (D. Alaska 1922); Johnson v. Kennecott Copper Corp., 5 Alaska 571 (D.Alaska 1916), aff'd, 4 Alaska Fed. 666, 248 F. 407 (9th Cir. 1918); Huff v. Alaskan Lumber & Pulp Co., Civil No. 63-93, Super.Ct. 1st Judicial Dist. Alaska, 1963.

11. 1 Larson, Workmen's Compensation Law § 2.20 at 5 (1966).

12. 21 A.D.2d 212, 250 N.Y.S.2d 83, 85 (1964), aff'd, 15 N.Y.2d 1018, 260 N.Y.S. 2d 26, 207 N.E.2d 618 (1965).

support to the general position appellant has taken.

The order of the trial court dismissing appellant's complaint is affirmed.[13]

13. Other courts have been confronted with factual situations similar to that of this case. See Gannon v. Chicago, M., St. P. & Pac. Ry., 22 Ill.2d 305, 175 N.E.2d 785 (1961) where the court harmonized the provisions of the Scaffold Act with the later enacted Workmen's Compensa- tion Act and Selby v. Sykes, 189 F.2d 770, 774 (7th Cir. 1951) where the court held that plaintiff's allegations of violation of Indiana's Dangerous Occupation Act did not remove his case from the jurisdiction of Indiana's Workmen's Compensation Act.