525 P.2d 330

**Geraldine CODDINGTON, Plaintiff-Appellant,**

v.

**CITY OF LEWISTON, Defendant-Respondent.**

**No. 11453.**

Supreme Court of Idaho.

July 31, 1974.

Leslie T. McCarthy, Lewiston, for plaintiff-appellant.

Daniel W. O'Connell of Ware, Stellmon & O'Connell, Lewiston, for defendant-respondent.

McQUADE, Justice.

This is an action for loss of consortium. On March 21, 1971, the plaintiff-appellant's husband, Earl Coddington was injured when a trench he was excavating caved in and buried him. At the time of the accident, Earl Coddington was employed by the defendant-respondent, the City of Lewiston, and he received workmen's compensation benefits for his injuries. On September 8, 1972, the appellant lodged a notice of claim with Lewiston, and on October 3, 1972, the appellant filed an action alleging that as a result of the accident and injuries to her husband, she had suffered a loss of consortium.

The respondent filed a motion to dismiss the appellant's complaint on the grounds that it failed to state a claim upon which relief could be granted.[1] Briefs were filed by both parties on the issues of whether the appellant's claim was timely and whether the Workmen's Compensation Act barred the appellant's complaint. The trial court ordered the complaint dismissed and entered a judgment for the respondent. The procedure of treating a motion to dismiss the complaint for failure to state a claim upon which relief can be granted or a I.R.C.P. 12(b)(6) motion accompanied by briefs as a motion for summary judgment was described in the case of Stewart v. Arrington Construction Co.:

> "When a 12(b)(6) motion is made, supported by affidavits and other materials which the court chooses to consider, the motion is then properly treated as one for summary judgment. I.R.C.P. 12(b) and 56; Rush v. G–K Machinery Co., 84 Idaho 10, 367 P.2d 280 (1961). The use and effect of the summary judgment procedure is much like that of the pretrial conference. It helps to separate the real issues and facts from the spurious ones; to eliminate chaff from the wheat. If the claims or defenses are all chaff, they are eliminated completely."[2]

Although the trial court did not state that it was treating the respondent's motion as a motion for summary judgment, in effect that is the result. This appeal is from the judgment entered by the trial court.

The appellant contends that the trial court erred in finding that her claim was barred by the Workmen's Compensation Act. In Summers v. Western Idaho Potato Processing Company, it was held that "actions based upon injuries otherwise remediable by common law action, which are not covered under the Idaho Workmen's Compensation scheme, are not abrogated by the Workmen's Compensation statutes."[3]

The injuries covered by the Workmen's Compensation Act are described in I.C. § 72–201:

> "If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered

---

1. Motion found in I.R.C.P. 12(b)(6).

2. 92 Idaho 526, 531, 446 P.2d 895, 900 (1968). See also: Izquierdo v. Cities Service Oil Co.,

244 F.Supp. 758 (S.D.N.Y.1965); 2A. J. Moore, Federal Practice § 12.10 (1972).

3. 94 Idaho 1, 2, 479 P.2d 292, 293 (1970).

by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified.

'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law.

The terms 'injury' and 'personal injury,' as the same are used in this law, shall be construed to include only an injury caused by an accident, as above defined, which results in violence to the physical structure of the body. The said terms shall in no case be construed to include an occupational disease in any form and only such non-occupational diseases as result directly from an injury." [4]

The appellant contends that since the loss of consortium does not involve "violence to the physical structure of the body," her claim for damages for loss of consortium was not abrogated by the Workmen's Compensation Act. The occurrence which lead to the appellant's loss of consortium was described in her complaint as,

"[T]he plaintiff [appellant's husband] had cave in on him much dirt of great oppressive weight causing him to be severely crushed under pressure and impact covering and imprisoning all of his body except his head and requiring immediate action of his co-workers to dig him out and take him to the hospital where he was maintained for a long period of time because of his severe injuries which are permanent and lasting."

From the appellant's complaint it is apparent that her loss of consortium was caused by a personal injury to her husband involving violence to the physical structure of his body. Since the appellant's claim for loss of consortium arises out of the personal in-

juries to her husband which were compensated under the Workmen's Compensation Act, her separate claim for damages is barred by I.C. § 72–203 which provides:

"The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury."

The trial court's judgment dismissing the appellant's complaint is affirmed.

Costs to respondent.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

---

4. The Workmen's Compensation Act was amended effective January 1, 1972. The Act

as constituted prior to the amendments is applicable to this action.