**Judith Page WRIGHT, Appellant,**

v.

**ACTION VENDING COMPANY, INC., an Alaskan Corporation, Appellee.**

**No. 2325.**

Supreme Court of Alaska.

Dec. 31, 1975.

---

Ronald T. West, West & Wood, Anchorage, for appellant.

Kenneth P. Jacobus and David H. Thorsness, Hughes, Thorsness, Lowe, Gantz & Powell, Anchorage, for appellee.

## OPINION

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

CONNOR, Justice.

This appeal questions whether a spouse's tort action for loss of consortium against her injured husband's employer is barred by the workmen's compensation "exclusive liability" provision, AS 23.30.055.

On August 14, 1973 David Wright, an employee of the Action Vending Company, Inc., was injured in the course of his employment. He received workmen's compensation benefits for his injuries. On April 18, 1974 Janet Wright, his wife, brought a negligence action against Action Vending, seeking damages for loss of consortium resulting from the injuries suffered by Mr. Wright. Action Vending moved for summary judgment on stipulated facts, arguing that since Wright received workmen's compensation, his wife's action is barred by the "exclusive liability" provisions of AS 23.30.055.[1] The superior

---

1. AS 23.30.055 provides in relevant part: *"Exclusiveness of Liability.* The liability of an employer prescribed in § 45 of this chapter is exclusive and in place of all other liability of the employer and any fellow employee to the employee, his legal

court granted the motion, and Mrs. Wright appeals.

Appellant argues that the "exclusive liability" provision bars only damages "on account of the injury", and does not bar an independent action for loss of consortium belonging to the wife. However, virtually all federal and state case law addressing statutes analogous to our own is against appellant's position.

Alaska's "exclusive liability" clause is taken almost verbatim from a similar provision of the federal Longshoremen's and Harbor Workers' Compensation Act.[2] Federal cases interpreting this clause are thus highly persuasive authority.[3] With only one subsequently overruled exception, these decisions uniformly hold that a spouse may not bring a loss of consortium action after the injured employee has recovered workmen's compensation benefits.[4] The same result has been reached in interpreting the Federal Employees Compensation Act,[5] which contains language similar to the Alaska statute.[6]

The only exception to this pattern occurred in *Hitaffer v. Argonne Co.*, 87 U.S.App.D.C. 57, 183 F.2d 811 , *cert. denied,* 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950), which recognized the right of a wife to sue for loss of consortium. That court held the federal Longshoremen's Act "exclusive liability" provision no bar to the wife's recovery. This interpretation of the clause was severely ciritcized,[7] and seven years later was overruled by the same court that had promulgated it. *Smither & Co. v. Coles,* 100 U.S.App.D.C. 68, 242 F.2d 220, *cert. denied,* 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129 (1957). In overruling *Hitaffer,* the court emphasized the underlying rationale for the "exclusive liability" provision:

"The history of the development of statutes, such as this, creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that the keystone was the exclusiveness of the remedy. This concept emerged

---

representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from the employer or fellow employee at law or in admiralty on account of the injury or death. . . . "

2. *See* 33 U.S.C. § 905, which provides in part: "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . . ." *See Gordon v. Burgess Constr. Co.,* 425 P.2d 602, 604, 605 n. 10 (Alaska 1967).

3. *See Fischback & Moore of Alaska, Inc. v. Lynn,* 453 P.2d 478, 482–84 (Alaska 1969) ; *Thorsheim v. State,* 469 P.2d 383, 387 (Alaska 1970).

4. *E. g., Thibodeaux v. J. Ray McDermott & Co.,* 276 F.2d 42 (5th Cir. 1960) ; *Thomas v. Central Linen Co.,* 105 U.S.App.D.C. 49, 263 F.2d 495 (1959) ; *Hilton v. Fifteen Hundred Massachusetts Ave., Inc.,* 104 U.S.App.D.C. 259, 261 F.2d 377 (1958).

5. *E. g., Posegate v. United States,* 288 F.2d 11 (9th Cir. 1961), *cert. denied,* 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 34 (1961) ; *Thol v. United States,* 218 F.2d 12 (9th Cir. 1954) ; *Underwood v. United States,* 207 F.2d 862 (10th Cir. 1953).

6. 5 U.S.C. § 8116(c) (formerly § 757(b)), provides in part:

"The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty . . . ."

7. *See* Note, *Workmen's Compensation: The Right of a Wife to Sue Her Husband's Employer for loss of Consortium* . . . , 36 Cornell L.Q. 148 (1950) ; Note, *Workmen's Compensation—Exclusive Liability Provision* . . . , 34 Minn.L.Rev. 172 (1951).

from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarily measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation. . . . Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged." 242 F.2d at 222.

Without exception, all cases which have considered the present issue under a statute similar to the Longshoremen's Act have held that an action for loss of consortium is barred by the "exclusive liability" provision.[8]

Appellant argues that AS 23.30.055 does not in fact provide for "exclusive" liability in this case, relying on *Stafford v. Westchester Fire Ins. Co.*, 526 P.2d 37 (Alaska 1974), and two cases from other jurisdictions.

The *Stafford* case concerned a workmen's compensation insurer who was alleged to have "intentionally and maliciously" attempted to prevent an employee from collecting benefits due. We held that while the "exclusive liability" provision would normally prevent recovery of damages beyond the statutory remedy,[9] it was not a bar to an action for damages arising as a result of intentional torts committed

in connection with the investigation and payment of claims. 526 P.2d at 43–44. Such an action does not "arise on account of" an injury but is rather predicated on some further act of the employer or insurer after the injury is a *fait accompli*. Since Mrs. Wright alleges only that "defendant negligently breached its duty to plaintiff", *Stafford* is authority for the position asserted by Action Vending. Our earlier decisions have stressed the broad sweep of AS 23.30.055.

> "A more logical interpretation of legislative intent, and that subscribed to by most courts, is that the remedies provided by a workmen's compensation act are intended to be in lieu of all rights and remedies as to a particular injury whether at common law or otherwise." *Gordon v. Burgess Constr. Co.*, 425 P.2d 602, 605 (Alaska 1967); *see Haman v. Allied Concrete Prod., Inc.*, 495 P.2d 531, 532–33 (Alaska 1972).

The cases relied upon by appellant are distinguishable because decided under different statutory schemes. In *LaBonte v. National Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970), a wife was allowed to recover for loss of consortium despite her husband's prior recovery of workmen's compensation benefits. However, the New Hampshire "exclusive liability" statute is of the narrowest type, which provides that only the employee's common law rights are excluded by workmen's compensation.[10] The Alaska statute specifically provides for exclusion of not only the employee's rights, but also those of the employee's spouse, as well as various other relations, in-laws and representatives. Similarly appellant's reliance on *Johnson v. Lohre*,

---

8. *E. g., Lunow v. Fairchance Lumber Co.*, 389 F.2d 212 (10th Cir. 1968); *Fritzson v. City of Manhattan*, 215 Kan. 810, 528 P.2d 1193 (1974); *Coddington v. City of Lewiston*, 96 Idaho 135, 525 P.2d 330 (1974); *Gulf States Ceramic v. Fenster*, 228 Ga. 400, 185 S.E.2d 801 (1971); *Nichols v. Benco Plastics, Inc.*, 225 Tenn. 334, 469 S.W.2d 135 (1971); *Duley v. Caterpillar Tractor Co.*, 44 Ill.2d 15, 253 N.E.2d 373 (1969); *Lovelette v. Braun*, 293 F.Supp. 41 (D.N.D.

1968); *Swan v. F. W. Woolworth Co.*, 129 Misc. 500, 222 N.Y.S. 111 (1927).

9. As provided in AS 23.30.155.

10. This is the "Massachusetts type" of statute. *See generally*, 2 Larson, Workmen's Compensation Law §§ 66.10–.20 (1975). The *LaBonte* court recognized that its holding was due to the peculiar wording of the New Hampshire statute. 269 A.2d at 638.

508 S.W.2d 785 (Ky.1974), is misplaced. That case was based on Kentucky constitutional and statutory provisions which are substantially different from those which obtain in Alaska.[11] Both of these cases were recently considered and rejected in *Fritzson v. City of Manhattan*, 528 P.2d 1193 (Kansas 1974).

The right of a wife to sue for loss of consortium was first announced in Alaska in *Schreiner v. Fruit*, 519 P.2d 462 (Alaska 1974). There we held that a wife's consortium claim is so interconnected with her husband's injury action that, in order to avoid double recovery the two actions should in most instances be subject to mandatory joinder. 519 P.2d at 466. Likewise, here the wife's loss of consortium claim is a direct result of her husband's injury. While a spouse's right to recover for loss of consortium is predicated on an injury to her, rather than her husband, it nevertheless requires proof of culpable negligence on the part of the employer. It arises out of, and cannot exist without, the very core of activity with which our workmen's compensation scheme is concerned. For these reasons we hold that Mrs. Wright's action is brought "on account of the injury" to her husband, as expressed in AS 23.30.055, and is thus barred.

Appellant further contends that the right to recover for loss of consortium did not exist in Alaska until it was recognized in *Schreiner v. Fruit*, 519 P.2d 462 (Alaska 1974). Since AS 23.30.055 was enacted in 1959, long before the *Schreiner* case, appellant infers that the "exclusive liability" provision could not have been intended to refer to this new action. A similar argument was considered and rejected in *Smither & Co., Inc. v. Coles*, 100 U.S.App.

D.C. 68, 242 F.2d at 223–24 (1957). Without deciding the jurisprudential question of whether the *Schreiner* case created or merely recognized the existence of a right to sue for loss of consortium, we conclude that the legislature intended to cover this action under the language of AS 23.30.055. The present statute's predecessor, § 43–3–10 A.C.L.A.1949, provided employers with relief only from "remedies . . . now existing either at common law or otherwise . . . .." The legislature deleted this requirement in 1959, barring instead "all other liability . . . on account of the injury or death."

Mrs. Wright finally challenges the constitutionality of Alaska's "exclusive liability" provision under the equal protection clause of the Alaska Constitution.[12] We note at the outset that the statute does not discriminate against women, despite appellant's arguments. The provision applies equally to both the husband or wife of any employee. The only classification we can perceive is that separating work-related and non-work-related injuries. We can find nothing inherently "suspect" about this classification, nor do we find that appellant's right to sue for loss of consortium is so "fundamental" as to require a "compelling state interest" to uphold statutory interference.

The purpose of the workmen's compensation scheme has been described by Professor Larson:

"The ultimate social philosophy behind compensation liability is belief in the wisdom of providing, in the most efficient, most dignified, and most certain form, financial and medical benefits for the victims of work-connected injuries which an enlightened community would feel obligated to provide in any case in

---

11. *See* 508 S.W.2d at 789 & n. 5.

12. Appellant relies on *Alaska Constitution* art. I, § 1:
"This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and

the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State."

some less satisfactory form, and of allocating the burden of these payments to the most appropriate source of payment, the consumer of the product." 1 Larson, Workmen's Compensation Law § 2.20 (1972).

We find that this provides sufficient justification for the workmen's compensation scheme, including the "exclusive liability" provision, for it to pass muster as having a rational basis—even under the "less specu-lative, less deferential, more intensified means-to-ends" application of that test.[13] Accord, Ellis v. Fallert, 209 Or. 406, 307 P.2d 283, 288 (Or.1957).

Having found Appellant's loss of consortium claim barred by AS 23.30.055, and having found that statute valid under the Alaska Constitution, we affirm the judgment of the Superior Court.

Affirmed.

13. *Lynden Transport, Inc. v. State*, 532 P.2d 700, 706 n. 10 (Alaska 1975).