[Civ. No. 15168. Third Dist. Aug. 30, 1976.]

JEANETTE WILLIAMS, Plaintiff and Appellant, v.
R. J. SCHWARTZ et al., Defendants and Respondents.

**COUNSEL**

David Emery Otis for Plaintiff and Appellant.

Tocher & Gazzigli and G. Neil Tocher for Defendants and Respondents.

**OPINION**

**PUGLIA, P. J.**—Plaintiff witnessed the death of her husband in an accident which occurred in the course of his employment with the Schwartz Logging Company ("employer"). After recovering workers' compensation benefits for her husband's death, plaintiff filed this action against the employer and other parties for the emotional distress which she suffered as a result of the incident.[1] The employer demurred in

---

[1] In a separate action, plaintiff and her three children complained for wrongful death against Kimberly-Clark Corporation, whose logging roads were being improved by

reliance on Labor Code provisions which make workers' compensation proceedings the exclusive remedy for work-connected injury or death. The trial court sustained the demurrer with leave to amend. Plaintiff elected to stand on her complaint and a judgment of dismissal was entered from which she appeals. Plaintiff contends that the exclusive remedy provisions of the Labor Code do not preclude independent actions by nonemployees for their personal damages flowing from an employee's work-connected injury or death.

Plaintiff's complaint alleges that her husband, while in the course and scope of his employment with Schwartz Logging Company, parked his employer's truck on the Flume Creek Bridge situated near Interstate Highway 5 in Shasta County. While he was standing along side the truck, the bridge collapsed. Plaintiff's husband plummeted from the bridge and was crushed by the truck, sustaining fatal injuries. All these events took place in the presence of and were observed by plaintiff. Plaintiff alleges the bridge collapsed as a result of negligence of the various defendants in the construction, maintenance and inspection thereof.

In ruling on the employer's demurrer, the trial court opined that under the rule of *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316],[2] plaintiff appeared to have stated a cause of action for negligent infliction of emotional distress. However, it concluded that the exclusive remedy provisions of the workers' compensation law barred plaintiff's action for her own injuries resulting from the work-related death of her husband. The sole issue presented by this appeal is whether the provisions of the Labor Code, making workers' compensation proceedings the exclusive remedy for work-connected injuries or fatalities, bar a cause of action for emotional distress suffered by a relative who witnesses a fatal injury to an employee covered by the workers' compensation law.

Schwartz Logging Company at the time the fatal accident occurred. After Kimberly-Clark settled this action for $175,000, it obtained summary judgment on its cross-complaint against Schwartz Logging Company for contractual indemnification. Schwartz has appealed to this court from the grant of summary judgment. (3 Civil 15652) The ultimate disposition of the cross-complaint in the wrongful death action will have no effect on these proceedings.

[2]In *Dillon* v. *Legg*, the California Supreme Court established a right of recovery on the part of plaintiffs who suffer emotional trauma and physical injury from witnessing the negligent infliction of injury or death upon closely related third parties. (68 Cal.2d at pp. 730, 746-747.)

The exclusive nature of the remedy provided by the workers' compensation law for work-connected injury or death is expressed in three separate Labor Code provisions. Labor Code section 3600[3] provides that liability thereunder is "in lieu of any other liability whatsoever to any person" (except in cases under § 3706 which is inapplicable here). Section 3601, subdivision (a), provides that "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is . . . the exclusive remedy for injury or death of an employee against the employer . . . ." Section 5300, subdivision (a), declares that proceedings "For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto" shall be instituted before the Workers' Compensation Appeals Board and not elsewhere.

In sustaining the employer's demurrer, the trial court relied upon *Gillespie* v. *Northridge Hosp. Foundation* (1971) 20 Cal.App.3d 867 [98 Cal.Rptr. 134], wherein section 3600 was construed to bar a husband's action against his wife's employer for the loss of her services resulting from a work-related injury covered by workers' compensation.[4] "The whole scheme of workmen's compensation contemplates that, in exchange for imposing on the employer a liability without fault and denying to him the common law defenses of contributory negligence and the fellow servant rule, he is assured of a single liability, limited by a statutory scheme, which provides for medical expenses and which allots a scheduled sum in lieu of both lost earnings and general damages. We can see no reason why the employer should also be held liable for collateral damages to third persons whose rights, at common law, were derivative from those of the employee." (P. 870.)

The *Gillespie* court adopted the reasoning of decisions from other jurisdictions to the effect that the workers' compensation laws were intended to provide a complete and all-inclusive scheme of recovery for industrial injuries to employees. " 'It would be anomalous to hold that the employer is under no liability in tort to a married employee but is liable in tort to her husband for the consequences to him of the tortious injury to his wife. [¶] When the employer and employee elect to have their rights adjudged and fixed pursuant to the terms of the compensation act then the common law remedy in tort falls by reason of the

---

[3]All section references are to the Labor Code unless otherwise noted.

[4]In *Williams* v. *State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116, 123 [123 Cal.Rptr. 812], we relied on *Gillespie* to bar a wife's cause of action for loss of services and consortium resulting from a work-connected injury to her husband.

statutory contract for compensation, based not upon the principle of tort but on remuneration regardless of fault to the injured employee. . . .' " (20 Cal.App.3d at pp. 870-871, quoting from *Danek* v. *Hommer* (1952) 9 N.J. 56, 59-60 [87 A.2d 5, 7].)

Plaintiff seeks to distinguish *Gillespie* on the basis that the cause of action there was a "derivative" one for loss of consortium, whereas the present cause of action is based upon an invasion of independent interests of the employee's spouse falling within the scope of *Dillon* v. *Legg, supra.* Plaintiff construes the preemptive provisions of the Labor Code as affecting only those "derivative" actions by an employee's dependents based on injuries incurred *solely* by the employee himself.

Plaintiff's attempted distinction rests on a fallacious premise. In *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669], the Supreme Court overturned a judicially evolved rule that precluded a spouse's recovery for loss of consortium caused by a tortious injury to the other spouse. In doing so, the court implicitly rejected the notion that a spouse's action for loss of consortium is merely a derivative one which seeks to redress an injury principally incurred by the other spouse. The court recognized that loss of consortium is a form of mental suffering and involves a deprivation of interests which are personal to the spouse who brings suit and not merely collateral to those of the other spouse.[5] (*Id.,* at pp. 399, 401, 405.) Accordingly, when a husband or wife is deprived of the multitude of interests comprising the concept of consortium, "the loss is [his or] hers alone." (*Id.,* at p. 406.)

In any event, the broad, inclusive language of the workers' compensation law itself precludes not only so-called derivative actions based solely upon injuries to a covered employee, but "any other liability whatsoever to any person . . . for any injury sustained by [an employee] arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, . . ." (Lab. Code, § 3600.) Section 3601, subdivision (a), declares that "Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer . . . ." The pervasive nature of these provisions was acknowledged in a recent opinion: "It has been consistently held,

---

[5]The court viewed the concept of consortium as embracing, inter alia, elements of support, service, love, companionship, affection, society, sexual relations and solace. (*Rodriguez* v. *Bethlehem Steel Corp., supra,* 12 Cal.3d at pp. 404-405.)

without exception, that section 3601 means precisely what its terms imply. It is said that: 'When an employee's injuries or death are compensable under the Workmen's Compensation Act, the right of the employee or his dependents, as the case may be, to recover such compensation is the exclusive remedy against the employer.' [Citations.] 'In the most explicit terms, section 3600 declares the exclusive character of the employer's workmen's compensation liability in lieu of any *other* liability to *any* person. Sections 3600 and 3601 form a complementary, unmistakable declaration of legislative policy . . . .' " (Italics in original.) (*Dixon* v. *Ford Motor Co.* (1975) 53 Cal.App.3d 499, 503 [125 Cal.Rptr. 872], quoting from *Pacific Gas & Elec. Co.* v. *Morse* (1970) 6 Cal.App.3d 707, 713-714 [86 Cal.Rptr. 7]; see also *Treat* v. *Los Angeles Gas etc. Corp.* (1927) 82 Cal.App. 610, 616 [256 P. 447]; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1976) § 8.01 [2], pp. 8-3.)

■ The precise issue presented by this appeal apparently has not been confronted either here or elsewhere. With near unanimity, however, other jurisdictions whose workers' compensation schemes contain exclusive remedy provisions similar to California's have barred spouses' suits for loss of services and consortium when they are based upon industrial injury to the working spouse,[6] the same result reached in *Gillespie, supra.* As we recently observed, "[t]he theory underlying the out-of-state decisions is that the workers' compensation plan imposes reciprocal concessions upon employer and employee alike, withdrawing from each certain rights and defenses available at common law; the employer assumes liability without fault, receiving relief from some elements of damage available at common law; the employee gains relatively unconditional protection for impairment of his earning capacity, surrendering his common law right to elements of damage unrelated to earning capacity; the work-connected injury engenders a single remedy against the employer, exclusively cognizable by the compensation agency and not divisible into separate elements of damage available from separate tribunals; . . ." (*Williams* v. *State Compensation Ins. Fund, supra,* 50 Cal.App.3d 116, 122.) The exclusive remedy provisions thus

---

[6]Recent decisions include: *Wright* v. *Action Vending Co., Inc.* (Alaska 1975) 544 P.2d 82; *Coddington* v. *City of Lewiston* (1974) 96 Idaho 135 [525 P.2d 330]; *Bloemer* v. *Square D Company* (1972) 8 Ill.App.3d 371 [290 N.E.2d 699]; *England* v. *Dana Corporation* (7th Cir. 1970) 428 F.2d 385; *Fritzson* v. *City of Manhattan* (1974) 215 Kan. 810 [528 P.2d 1193]; *Newman* v. *Gibraltar Coal Corporation* (W.D.Ky. 1972) 350 F.Supp. 71; *Hudson* v. *Allen* (1968) 11 Mich.App. 511 [161 N.W.2d 596]; *Lovelette* v. *Braun* (D. N.D. 1968) 293 F.Supp. 41; *Roof* v. *Velsicol Chemical Corporation* (N.D. Ohio 1974) 380 F.Supp. 1373; *Rosencrans* v. *Wisconsin Telephone Co.* (1972) 54 Wis.2d 124 [194 N.W.2d 643].

form part of the quid pro quo of a workers' compensation scheme "in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." (2A Larson, The Law of Workmen's Compensation (1976) § 65.10, pp. 12-1 to 12-4.)

We find this reasoning persuasive in the present case, since we agree with the trial court that there is no significant difference between a loss of consortium action and the cause of action pleaded by plaintiff insofar as the exclusive remedy provisions of the Workers' Compensation Act are concerned. Both types of action, collateral in the sense that they derive from injuries sustained by an employee in the course of his employment, are barred by the broad pronouncement of the workers' compensation law that where the conditions of compensation exist, the employer's liability to pay compensation is "in lieu of any other liability whatsoever to any person . . . ." (§ 3600.)

The judgment is affirmed.

Friedman, J., and Evans, J., concurred.