JACQUELINE U. SNEED v. CAROLINA POWER & LIGHT COMPANY

No. 8210SC386

(Filed 15 March 1983)

**Husband and Wife § 9; Master and Servant § 87— injuries compensable under Workers' Compensation Act—loss of consortium action by spouse prohibited**

　　When an employee's injuries are compensable under the Workers' Compensation Act, the employee's spouse is prohibited from maintaining an action for loss of consortium resulting from such injuries by the statute which excludes "all other rights and remedies of the employee, his dependents, next of kin or representative as against the employer at common law or otherwise on account of such injury or death," G.S. 97-10.1. Furthermore, the statute does not constitute a taking of property without due process in violation of Art. I, § 18 of the North Carolina Constitution.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 1 March 1982. Heard in the Court of Appeals 16 February 1983.

Plaintiff's husband, Richard Sneed, who was an employee of defendant, was injured on the job when a load of coal with which he was working became dislodged, crushing and pinning him and causing him serious disabling injuries. While Richard Sneed had a Workers' Compensation Act claim pending before the North Carolina Industrial Commission, plaintiff sought damages, through a civil action in superior court, for loss of consortium caused by defendant's alleged negligence which resulted in personal injury to plaintiff's husband.

Plaintiff requested actual and punitive damages from defendant for loss of consortium caused by injuries to her husband which included periods of depression and sexual impotence. Defendant answered admitting the on-the-job injury to plaintiff's husband but denying negligence on its part and denying that the complaint stated a claim upon which relief could be granted. Defendant moved to dismiss pursuant to Rule 12(b)(1), (6) and (7)

and for summary judgment. From the court's order dismissing the action, plaintiff appeals.

*Perry, Kittrell, Blackburn & Blackburn, by George T. Blackburn, II, for plaintiff-appellant.*

*Fred D. Poisson for defendant-appellee.*

EAGLES, Judge.

Plaintiff challenges the granting of defendant's Rule 12(b)(1), (6) and (7) motions to dismiss contending that the claim of a wife for loss of consortium, where her injured husband is entitled to compensation under the Workers' Compensation Act, is not barred by the provisions of G.S. 97-10.1. We disagree.

Jurisdiction lies in the trial court for "all actions for personal injuries due to negligence, except insofar as it has been deprived of such jurisdiction by statute." *Bryant v. Doughterty,* 267 N.C. 545, 549-50, 148 S.E. 2d 548, 552 (1966). Here the trial court has been deprived of jurisdiction by the clear language of G.S. 97-10.1:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

Appellant contends that the statute's enumeration of "the employee, his dependents, next of kin, or personal representative" does not include his wife and that her claim therefore survives. We do not agree. Numerous cases from other jurisdictions with similarly phrased statutes have held that a spouse's claim for loss of consortium is barred. *Napier v. Martin,* 194 Tenn. 105, 107, 250 S.W. 2d 35, 36 (1952) (construing Williams Code, Sec. 6859 "his personal representative, dependents, or next of kin, at common law or otherwise. . . ."); *Massey v. Thiokol Chemical Corp.,* 368 F. Supp. 668, 676 (S.D. Ga. 1973) (construing Georgia Code § 114-103 "his personal representative, parents, dependents or next of kin at common law or otherwise. . . ."); *Coddington v. City of Lewiston,* 96 Idaho 135, 137, 525 P. 2d 330, 332

(1974) (construing Indiana Code § 72-203 "his personal representatives, dependents or next of kin at common law or otherwise"); *England v. Dana Corp.*, 428 F. 2d 385, 386 (7th Cir. 1970) (construing Burns Annotated Indiana Statutes § 40-1206 "his personal representative, parents, dependents, or next of kin, at common law or otherwise"). See also Annotated 36 A.L.R. 3d 900, 929 § 7 (1971).

The statute is clear and unambiguous and requires the result that plaintiff cannot maintain an action for loss of consortium resulting from injuries to plaintiff's spouse when those injuries are compensable under the Workers' Compensation Act.

We reject appellant's contention that the provisions of Chapter 97 are violative of the Constitution of North Carolina, Article I, Section 18, as a taking of property without due process of law. The constitutionality of Chapter 97 has been upheld by our Supreme Court and similar acts have been upheld by the Supreme Court of the United States. *Lee v. American Enka Corporation*, 212 N.C. 455, 193 S.E. 809 (1937); *R. E. Sheehan Co. v. Shuler*, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061 (1924).

Furthermore, it is clear that the General Assembly may abolish common law remedies and create statutory remedies in their place to attain permissible legislative objectives. *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

In response to the Rule 12(b)(7) motion to dismiss, appellant argues that compulsory joinder of the plaintiff's claim with her husband's claim before the Industrial Commission is not mandated by *Nicholson v. Hugh Chatham Memorial Hospital*, 300 N.C. 295, 266 S.E. 2d 818 (1980). *Nicholson* dealt with the problem of potential double recovery for the same injuries by victim and spouse and required mandatory joinder of claims for loss of consortium with pending claims of the injured spouse through whom loss of consortium is claimed. Although joinder of this action with the pending Workers' Compensation Act claim of the plaintiff's spouse would be impossible as the statute is now written, dismissal pursuant to *Nicholson* is appropriate.

To hold as plaintiff contends would effectively circumvent the purpose of the Workers' Compensation Act to assure injured employees compensation without proof of negligence, while

limiting employers' total liability for the injury suffered by the employee. We hold that a claim for consortium by the spouse of an employee injured on the job, where the employee's injury is compensable under Chapter 97, cannot be maintained.

For the reasons stated, we hold that the trial court's order dismissing the complaint is affirmed.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.