754 P.2d 1378

**MARDIAN CONSTRUCTION COMPANY, an Arizona corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona In and For the COUNTY OF MARICOPA; the Honorable Barry G. Silverman, a Judge thereof, Respondent Judge,**

**Ada Lee HENRY and Harold Henry, wife and husband, Real Parties in Interest.**

No. 1 CA–SA 88–033.

Court of Appeals of Arizona, Division 1, Department A.

May 19, 1988.

Jones, Skelton & Hochuli by Calvin Harris, Larry J. Cohen, Leah L. Hamilton, Phoenix, for petitioner.

Renaud, Cook, Videan, Geiger & Drury, P.A. by James M. Videan, Phoenix, for real parties in interest.

## OPINION

JACOBSON, Presiding Judge.

The sole issue in this special action is whether an employee's spouse is barred from suing her husband's employer for loss of consortium arising out of injuries occurring to the husband in the course and scope of his employment because of the "exclusive remedy" provisions of A.R.S. §§ 23–1022 and 906(A).

This case arises out of an industrial injury sustained by Harold Henry on December 21, 1982. Mr. Henry filed a claim for worker's compensation benefits through his employer, Mardian Construction Company, which was accepted and compensation paid.

Mr. and Mrs. Henry brought suit against Western Electric Company, the owner of the job site where the injury occurred, as an alleged third party tortfeasor. Subsequently, on December 24, 1984, Henry's wife, the petitioner herein, filed suit against Mardian for loss of her husband's consortium and mental anguish caused by Mardian's alleged negligence in failing to provide a safe work place for her husband. Mardian filed a motion for judgment on the pleadings, pursuant to Arizona Rule of Civil Procedure 12(c), 17 A.R.S., arguing that Mr. Henry's election to receive worker's compensation benefits barred Mrs. Henry's

loss of consortium claim under the "exclusive remedy" provisions of A.R.S. § 23–1022(A). On March 5, 1985 Judge Silverman denied this motion. Mardian then filed a motion for reconsideration and a motion for summary judgment on the same grounds. These were also denied.

The case was subsequently consolidated with the related suit against Western Electric. After a subsequent appeal on an unrelated issue,[1] Mardian filed the present action, seeking a reversal of Judge Silverman's denial of summary judgment. Respondent does not contend that this special action is barred because it is untimely.

It is uncontested that the election of worker's compensation benefits as a remedy bars any suit *by that employee* against the employer for injuries sustained in the scope of employment. Mrs. Henry's claim here is that her action for loss of consortium is an independent action for the injury suffered by her alone and is thus unaffected by the exclusive remedy provisions of the worker's compensation laws. *See, e.g., Halenar v. Superior Court*, 109 Ariz. 27, 504 P.2d 928 (1972). The precise issue is one of first impression in this state. Because of the statewide importance of the issue and the fact that a ruling on the issues will terminate the litigation as far as Mardian is concerned, we accepted special action jurisdiction.

Though Mrs. Henry framed the issue as whether A.R.S. § 23–1022(A) barred her action, actually two Arizona statutes must be considered. A.R.S. § 23–1022(A) provides in part:

A. The right to recover compensation pursuant to this chapter for injuries sustained by an employee or for the death of an employee *is the exclusive remedy against the employer* ....

A.R.S. § 23–906(A) provides in part:

A. Employers who comply with the provisions of section 23–961 or 23–962 as to securing compensation ... *shall not be*

---

1. The appeal related to the granting of Mardian's motion for summary judgment on the basis that it was not the owner of the ladder which allegedly caused the injury. This court reversed, finding a factual dispute on this point. *Henry v. Mardian Construct. Co.*, 1 CA–CIV 9008, memorandum decision filed July 9, 1984.

*liable for damages at common law or by statute ... for injury or death of an employee wherever occurring....*

In Arizona, these statutes have uniformly been held to preclude actions against an employer for job related injuries resulting in the death of an employee even though the "injury" suffered is to someone other than the employee. For example in *Mariscal v. American Smelting & Refining Co.*, 113 Ariz. 148, 548 P.2d 412 (1976) the court was faced with an action by parents for the wrongful death of their son against the alleged negligent employer. While specifically noting that the action for wrongful death was "an original and distinct claim for damages" personal to the parents, the court nevertheless held that this separate cause of action was precluded by reasons of the exclusivity language of A.R.S. § 23–906; a unanimous Supreme Court stated:

> In the instant case, decedent did not reject the provisions of Arizona's Workmen's Compensation Law. He thereby elected to settle for compensation, giving up the right to sue his employer. The parents' rights to sue were determined by the decedent's decision to accept the provisions of the Workmen's Compensation Act. [citation omitted].

*See also Hills v. Salt River Project Ass'n.*, 144 Ariz. 421, 698 P.2d 216 (App.1985); *Conner v. El Paso Natural Gas Co.*, 123 Ariz. 291, 599 P.2d 247 (App.1979); *Jackson v. Northland Const. Co.*, 111 Ariz. 387, 531 P.2d 144 (1975); *Citizen's Utility,*

*Inc. v. Livingston,* 21 Ariz.App. 48, 515 P.2d 345 (1973); *Corral v. Ocean Guarantee Corp., Ltd.,* 42 Ariz. 213, 23 P.2d 934 (1933) (all holding that A.R.S. § 23–906(A) is designed to afford employers who comply with the worker's compensation act immunity from any suit arising out of a work-related injury). In fact, the one case that came to the opposite result, *Halenar v. Superior Court,* 109 Ariz. 27, 504 P.2d 928 (1972) (because wrongful death claim is an independent claim, language in wrongful death statute, A.R.S. § 12–611, that no action for wrongful death is maintainable unless decedent would have been able to maintain action does not bar suit against co-employee although decedent would have been barred under the Workman's Compensation Act) was expressly limited to suits against co-employees in *Citizen's Utility, Inc. v. Livingston, supra.*

The vast majority of cases [2] which have considered the right of a spouse to sue the injured spouse's employer for loss of consortium when the employee spouse elected to receive worker's compensation benefits have reached the same conclusion as Arizona has in its wrongful death cases: the action is barred.

As Larson's treatise on workmen's compensation points out, there are three types of "exclusive liability" clauses: (1) the employee by coming within the act waived *his* common-law rights (2) the California or Michigan type which says that the employer's liability shall be 'exclusive' or that he shall have 'no other liability whatsoever,' and (3)

---

**2.** *Wright v. Action Vending Co., Inc.,* 544 P.2d 82 (Alaska 1975); *Casaccia v. Green Valley Disposal Co., Inc.,* 62 Cal.App.3d 610, 133 Cal.Rptr. 295 (1976); *Farrall v. Armstrong Cork Co.,* 457 A.2d 763 (Del.Super.1983); *Smither & Co. v. Coles,* 100 U.S.App.D.C. 68, 242 F.2d 220 (1957), *cert. den.* 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429 (1957); *Anderson v. Savannah Machine & Foundry Co.,* 96 Ga.App. 621, 100 S.E.2d 621 (1957); *Coddington v. City of Lewiston,* 96 Idaho 135, 525 P.2d 330 (1974); *Bloemer v. Square D. Co.,* 8 Ill.App.3d 371, 290 N.E.2d 699 (1972); *Ziegler v. United States Gypsum Co.,* 251 Iowa 714, 102 N.W.2d 152 (1960); *Fritzson v. City of Manhattan,* 215 Kan. 810, 528 P.2d 1193 (1974); *Sneed v. Carolina Power & Light Co.,* 61 N.C. App. 309, 300 S.E.2d 563 (1983). *Thibodeaux v. J. Ray McDermott & Co.,* 276 F.2d 42 (5th Cir. 1960) (applying Louisiana law under Long-

shoremen's Act); *Bourassa v. ATO Corp.,* 113 Mich.App. 517, 317 N.W.2d 669 (1982); *Hartman v. Cold Spring Granite Co.,* 247 Minn. 515, 77 N.W.2d 651 (1956); *Rosencrans v. Wisconsin Tel. Co.,* 54 Wis.2d 124, 194 N.W.2d 643 (1972); *Roseberry v. Phillips Petroleum Co.,* 70 N.M. 19, 369 P.2d 403 (1962); *Ellis v. Fallert,* 209 Or. 406, 307 P.2d 283 (1957); *Ash v. S.S. Mullen, Inc.,* 43 Wash.2d 345, 261 P.2d 118 (1953); *Mariani v. Nanni,* 95 R.I. 153, 185 A.2d 119 (1962); *Lunow v. Fairchance Lumber Co.,* 389 F.2d 212 (10th Cir.1968) (applying Oklahoma Law), *cert den* 392 U.S. 908, 88 S.Ct. 2062, 20 L.Ed.2d 1366 (1968); *Garrett v. Reno Oil Co.,* 271 S.W.2d 764 (Tex.Civ.App.1954) *overrld* 572 S.W.2d 665, 668 (1978) (all holding that employee's election to receive worker's compensation benefits prevented employee's spouse from suing employer for loss of consortium.)

the New York type which goes one step further and specifically designates the class of individuals who are precluded from bringing a common law action. 2A *Larson's Workmen's Compensation*, § 66.10 (Supp.1987). It is clear that the Arizona exclusivity statute falls within the second type of statute. Larson then states:

> Under the second and third type of statute, which are the commonest type of exclusive remedy clause, the cases with near unanimity have barred suits by husbands for loss of the wife's services and consortium, by wives for loss of the husband's services and consortium, by parents for loss of minor children's services, by children for death of a parent, and by next of kin under meaningful death statutes.

*Larson's*, § 66.21. Larson then notes:

> The principal justification for these decisions usually lies in the explicit wording of the clause barring any non-compensation liability for damages on account of the injury or death. Even without the additional precautions of a list of third persons barred, the sweeping language used in describing the employer's immunity seems to indicate a legislative intention that is accurately reflected in the majority rule.

*Id.*

The legislative intent mentioned by Larson which grants the employer immunity against all actions arising out of employment related injuries was accurately described by former Chief Justice Burger, then writing for the District of Columbia Circuit Court of Appeals in *Smither and Co. v. Coles*, 100 U.S.App.D.C. 68, 70, 242 F.2d 220, 222 (1957) *cert den* 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429 (1957):

> The history of the development of statutes such as this [Worker's Compensation statutes] creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that the keystone was the exclusiveness of

the remedy. This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation.

> *    *    *    *    *    *

> Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged.

While *Smither and Co.* dealt with the third type of statute under *Larson's* classification, the rationale underlying its reasoning is equally applicable to the Arizona Worker's Compensation scheme.

In our opinion, in line with the overwhelming majority of cases, the Arizona Worker's Compensation statutes evidence a clear legislative intent to bar any common law right-of-action which might possibly flow from a work-related injury.

The order of the trial court denying Mardian Construction's motion for summary judgment is vacated and the matter is remanded to the trial court with directions to enter judgment dismissing Mrs. Henry's action with prejudice as to the defendant, Mardian Construction Company.

GREER and HAIRE, JJ., concur.