ALASKA PACIFIC ASSURANCE COMPA-
NY and Mountain Skyliners, Inc., and
other similarly situated, Appellants,

v.

Chris JULIAN and Alaska Workmen's
Compensation Board, an agency of
the State of Alaska, Appellees.

No. 1710.

Supreme Court of Alaska.

Sept. 12, 1973.

F. M. Doogan, of Faulkner, Banfield,
Doogan, Gross & Holmes, Juneau, for ap-
pellants.

James N. Reeves, Asst. Atty. Gen., John
E. Havelock, Atty. Gen., Juneau, for appel-
lees.

## OPINION

Before RABINOWITZ, C. J., and
CONNOR and ERWIN, JJ.

CONNOR, Justice.

This case comes to us on appeal from a
summary judgment entered by the superior
court for the first judicial district on April
17, 1972, in favor of defendant-appellees
Chris Julian (an injured employee) and the
Alaska Workmen's Compensation Board.
The sole question presented is the proper
construction of AS 23.30.191.

There is no dispute as to the facts. On
June 7, 1969, Julian was injured in an acci-
dent arising out of and in the course of his
employment with Mountain Skyliners, Inc.
As a result of that accident, Julian sus-
tained temporary total disability and per-
manent partial disability. Pursuant to de-
cision of the Alaska Workmen's Compen-
sation Board, disability compensation has
been paid in full.

On or about July 5, 1971, Julian
commenced vocational retraining at the
British Columbia Vocational School. Cit-
ing AS 23.30.191,[1] the Board awarded Juli-
an $38.90 per week rehabilitation compen-

---

1. AS 23.30.191 provides as follows:
"An employee, who, as a result of injury, is
or may be expected to be totally or partially
incapacitated for his normal occupation and
who, under the direction of the Department
of Labor, is being rehabilitated to engage in
remunerative occupation and who is not en-
titled to further temporary total disability
or temporary partial disability compensation,
in addition to the amount allowed under §
40 of this chapter for maintenance, may re-
ceive additional compensation necessary for his
rehabilitation, not more than one-half of the
compensation allowed under § 185 of this
chapter."

sation during the period of his attendance at the B. C. Vocational School. The issue before us is whether Mountain Skyliners, Inc. (Julian's "employer" within the meaning of the Alaska Workmen's Compensation Act) or the second injury fund bears the responsibility for these rehabilitation compensation payments.

Appellants' argument is founded on the observation that monies of the second injury fund are specifically committed to the expense of retraining or rehabilitating permanently disabled employees.[2] Since the fund was created for the express purpose of paying "compensation" for "maintenance" associated with rehabilitation, and since AS 23.30.191 provides for additional "compensation" for "maintenance", appellants contend that the second injury fund is the obvious source of liability.

We are unpersuaded. Under the clear language of AS 23.30.045(a),[3] the employer is liable for all payments made pursuant to AS 23.30.180 through AS 23.-30.215. Payment here has been ordered pursuant to one of these statutory sections. Mountain Skyliners, Inc., is undisputedly the employer in this case. Therefore, the statute clearly imposes liability on Mountain Skyliners, Inc. As for appellants' arguments, certainly AS 23.30.040(e) and AS 23.30.191 both provide for maintenance compensation. But AS 23.30.191 specifically states that payments made pursuant

to it are "in addition to the amount allowed under § 40 of this chapter for maintenance." Only payments made pursuant to AS 23.30.040 are the responsibility of the second injury fund. We think that appellants attempt to derive too much from the bare fact that AS 23.30.040(e) and AS 23.30.191 provide for similar compensation.

Inasmuch as we are satisfied that the statute clearly determines the result in the case, we find it unnecessary to pursue appellants' other arguments (1) that the policy of the Workmen's Compensation Statute to limit employers' liability can be accommodated only by exonerating Mountain Skyliners, Inc. from liability for § 191 payments and (2) that no source other than the second injury fund has been made available for the purposes of § 191 maintenance compensation after the employee's entitlement to disability compensation has been exhausted. Suffice to say that AS 23.30.-045(a) clearly contemplates that the employer will bear the cost of § 191 payments and that the policy of limited employer liability is not inconsistent with periodic increases in liability.[4]

Finding no merit in appellants' arguments, we hereby affirm the summary judgment entered below.

Affirmed.

BOOCHEVER and FITZGERALD, JJ., not participating.

---

2. *See*, AS 23.30.040(e) which provides:
   "The board may direct and provide the vocational retraining and rehabilitation of a permanently disabled person whose condition is a result of an injury compensable under this chapter by making cooperative arrangements with insurance carriers, private organizations and institutions or state or federal agencies. The expense of the retraining or rehabilitation shall be paid out of that portion of the second injury fund that exceeds $10,000. The person being retrained or rehabilitated shall receive compensation from the second injury fund for maintenance, in the sum which the board considers necessary, during the period of retraining and rehabilitation, not exceeding $100 a month.

The total expenditures for maintenance, training, rehabilitation and necessary transportation may not exceed $5,000 for one person."

3. AS 23.30.045(a) provides in pertinent part:
   "An employer is liable for and shall secure the payment to his employees of the compensation payable under §§ 50, 95, 145, and 180–215 of this chapter."

4. Compare the 1970 amendment to AS 23.-30.040(b) which increased the employer's liability to the second injury fund from 5% to 8% of the total compensation to which the employee is entitled. Am. § 1, Ch. 199 SLA 1970.