**PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant,**

v.

**Watson BUSBY, Deceased, Louise Busby, Widow, Ruth M. Richardson, and State of Alaska (Second Injury Fund), Appellees.**

**No. S–1154.**

Supreme Court of Alaska.

July 18, 1986.

---

Robert C. Erwin and Vivian R. Senungetuk, Erwin, Smith & Garnett, Anchorage, for appellant.

Paul S. Stahl, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

The decision of the Worker's Compensation Board is AFFIRMED for the reasons stated in the opinion of the superior court set forth in the appendix.

## APPENDIX

In this appeal the Court considers the meaning of "compensation" in AS 23.30.-205(a), which mandates reimbursement by the Second Injury Fund of an insurance carrier for workers' compensation benefits paid. Appellant Providence Washington Insurance Co. ("Appellant") contends that the Alaska Workers' Compensation Board

("Board") erred in its Decision and Order of September 28, 1984, by limiting such reimbursement solely to disability benefits paid to a claimant, excluding reimbursement for payments for claimant's medical expenses and attorney's fees.[1] The Court finds the appeal not to be well taken and AFFIRMS the decision of the Board.

### Discussion

The Court treats this issue as a question of law on which it may exercise its independent judgment.[2]

At the outset the Court notes that the issue of the construction of the term "compensation" within the Alaska Workers' Compensation statutes has been addressed in *dicta* by the Alaska Supreme Court in *Williams v. Safeway Stores*, 525 P.2d 1087, 1089 n. 6 (Alaska 1974). In that case, Justice Boochever commented on the difficulty of defining "compensation" within AS 23.30.130(a) and the chapter as a whole. Because of possible contrary interpretations of the term he concluded that the issue was ripe for legislative resolution. *Id.* The Court here recognizes similar ambiguity in construction of "compensation" in the present context of reimbursement of an insurance carrier by the Second Injury Fund under AS 23.30.205(a).

However, in construing "compensation" for this purpose the Court looks primarily to the Second Injury Fund statutes themselves. The Court notes that AS 23.30.-040(b) mandates contribution by employers to the Second Injury Fund in proportion to the employee's entitlement to compensation for *disability*. Similarly, the Court notes that the first clause of AS 23.30.205(a), authorizing the reimbursement payments at issue, speaks of "compensation liability for disability." The Court is persuaded that this language is indicative of a legislative intent to establish the Fund as a limited reimbursement scheme for disability payments *only*.

1. Appellant also seeks payment of interest on any money it may be reimbursed. However, the Court concludes that this issue is not properly before the Court. *See* Decision and Order of the Board of September 28, 1984. R. at 65, 64.

2. The Court finds it unnecessary to synopsize the facts of these consolidated cases in which the issue is presented.

Such a limitation is consistent with the fact that Second Injury Fund reimbursement does not begin until after 104 weeks of compensation are paid by a carrier. AS 23.30.205(a). It is also in accordance with the Alaska Supreme Court's narrow interpretation of the responsibility of the Second Injury Fund for rehabilitation payments under the former AS 23.20.191. *Alaska Pacific Assurance Co. v. Julien,* [sic] 513 P.2d 1097 (Alaska 1973).

The Court also concludes that differing interpretations of "compensation" in other contexts cited to the Court, such as that of the broader liability of an employer to an employee under AS 23.30.045(a), are inapposite to the case at bar.

The Decision of the Alaska Workers' Compensation Board of September 28, 1984 is therefore AFFIRMED.

DATED this 31st day of July 1985.

s/ DOUGLAS J. SERDAHELY
DOUGLAS J. SERDAHELY
Superior Court Judge