Ralph MORETZ, Appellant,

v.

O'NEILL INVESTIGATIONS, Industrial Indemnity Co. of Alaska, and the Alaska Workers' Compensation Board, Appellees.

No. S–3036.

Supreme Court of Alaska.

Dec. 8, 1989.

William J. Soule, Clark, Walther & Flanigan, Anchorage, for appellant.

Allen E. Tesche and Susan L. Daniels, Russell & Tesche, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

COMPTON, Justice.

The issue presented in this appeal is whether a workers' compensation claimant is entitled to prejudgment interest on medical expenses which the claimant's private medical insurer paid to health care providers on his behalf prior to a determination by the Alaska Workers' Compensation Board (Board) that the injury was compensable. The Board held that prejudgment interest was not compensable. On appeal to the superior court, AS 22.10.020(d), Appellate Rule 601, the Board's decision was affirmed. We conclude that prejudgment interest is compensable and therefore reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. Moretz sustained an injury ultimately found compensable by the Board. Industrial Indemnity Co. of Alaska (IIC), Moretz's workers' compensation carrier, initially controverted Moretz's claim. Moretz sent the medical bills he incurred to IIC as well as to his private medical insurer, Blue Cross of Washington and Alaska (Blue Cross).

Blue Cross paid $44,372.72 in medical expenses connected with Moretz's injury. Moretz also incurred compensable out-of-pocket expenses of $8,232.49. Moretz and Blue Cross signed a reimbursement agreement whereby Moretz agreed to indemnify Blue Cross for these expenses out of any workers' compensation recovery from IIC. Both the insurance contract between Blue Cross and Moretz and the reimbursement agreement were silent as to whether Moretz was required to pay interest to Blue Cross should he prevail against IIC on his claim. It is undisputed that Blue Cross has not made a demand on any party for interest on the $44,372.72. Neither has Blue Cross disclaimed any entitlement to interest.

Moretz prevailed before the Board for the entire $44,372.72, as well as his out-of-pocket expenses. Although the Board awarded Moretz prejudgment interest on Moretz's out-of-pocket expenses, it refused to do so on the amount paid by Blue Cross. Moretz's petition to modify the Board's order to include prejudgment interest was denied. The Board reasoned:

[A]n award of interest is appropriate *only* when the employee has "suffered the loss of money" during the period of disability. In this case, however, there is no evidence that Moretz suffered a loss of money when he had to repay Blue Cross for the medical benefits it provided. If the employee was not required to pay interest on the amount due Blue Cross and, at the same time, awarded interest on that amount due, he has been unjustly enriched at the defendant's expense. Quite naturally, such a situation cannot be tolerated. Accordingly, [Moretz's] claim must be denied.

(Emphasis added).

The superior court affirmed on the same rationale. Moretz appeals.

## II. DISCUSSION

THE SUPERIOR COURT ERRED AS A MATTER OF LAW BY REFUSING TO AWARD PREJUDGMENT INTEREST TO MORETZ.

The issue before us is one of law and does not involve agency expertise. *See Land & Marine Rental Co. v. Rawls*, 686 P.2d 1187, 1191 (Alaska 1984). Thus we apply the rule of law that is most persuasive in light of precedent, reason, and policy. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

Moretz argues that *Alyeska Pipeline Service Co., Inc. v. Beadles*, 731 P.2d 572, 577 (Alaska 1987) is dispositive. He also argues that public policy dictates that workers' compensation carriers not be allowed the time use of eventual workers' compensation awards without paying for the privilege. IIC contends that this would unjustly enrich Moretz. Moretz's argument is persuasive.

The applicable rule is that "a workers' compensation award, or any part thereof, shall accrue lawful interest ... from the date it should have been paid." *Land & Marine Co. v. Rawls*, 686 P.2d 1187, 1192 (Alaska 1984). In *Rawls*, we noted that while the Workers' Compensation Act does not expressly provide for interest, *Rawls*, 686 P.2d at 1191, "the economic fact that money awarded for any reason is worth less the later it is received" cannot be overlooked. *Id.* Judgment creditors, including workers' compensation claimants, are entitled to the time value of the compensation for their injuries. *Id.* The question becomes whether the intervention of a private medical insurance carrier alters this entitlement. We think not.

In *Beadles*, 731 P.2d 572, the employer argued that the prejudgment interest awarded Beadles on his tort claim unjustly enriched Beadles, because he had been receiving workers' compensation benefits for the same injury and thus arguably was not "deprived of the use of that money." *Id.* at 577. We rejected this argument and sustained the inclusion of prejudgment interest. *Id.* We reject it again.

*Beadles* relied on *Webster v. M/V Moolchand, Sethia Liners, Ltd.*, 730 F.2d 1035 (5th Cir.1984). In *Webster*, the court allowed the injured employee prejudgment interest on the entire amount of his claim. *Id.* at 1040. The employer in *Webster* objected on precisely the same grounds as IIC does here: the employee will not end up with the amount paid, the private carrier will, and therefore if anyone should get interest on it, the private carrier should. Nonetheless the court held:

> To the extent that [the employee] received periodic payments from his insurer after the date he filed his claim [the date on which prejudgment interest commenced], the insurer may in turn be entitled to the interest on what it paid. If some division of interest is equitable, its sharing lies between the [private] insurer and [the employee].

*Beadles*, 731 P.2d at 577 (*quoting Webster*, 730 F.2d at 1041). Moretz is entitled to interest despite the involvement of Blue Cross. It is up to Moretz and Blue Cross who eventually gets the interest.[1]

---

1. The proper course of action for IIC may be to issue a check for the amount of accrued interest payable jointly to Moretz and Blue Cross, or commence an interpleader action and let them settle apportionment amongst themselves.

IIC argues that *Beadles* should be distinguished because it involved an action in tort instead of a workers' compensation claim. It bases its argument upon the notion that while the purpose of tort recovery is to remedy civil wrongs, one purpose of workers' compensation is to "furnish a simple, speedy remedy for injured workers whereby [employees] may be compensated for injuries arising out of their employment." *Hewing v. Peter Kiewit & Sons*, 586 P.2d 182, 187 (Alaska 1978). IIC suggests that these "different" purposes justify the non-payment of prejudgment interest in workers' compensation cases.

IIC's argument lacks merit. In *Rawls* we reasoned that "[a] system of resolving work-related injuries 'in the most efficient, most dignified, and most certain form' must recognize the time value of money." *Rawls*, 686 P.2d at 1191 (*quoting Gordon v. Burgess Const. Co.*, 425 P.2d 602, 605 (Alaska 1967)). *See also* 1 A. Larson, *Workmen's Compensation Law* § 2.20 at 5 (1985). We also reasoned that the threat of interest provided a necessary incentive to employers to release the money due. *Id.* We recognized that "it would serve the employer's or the carrier's best interest to hold the money as long as possible in order to continue collecting a favorable rate of return on it or in order to continue to have the use of the money without the cost of hiring it." *Id.*

The policy we expressed in *Rawls* provides the answer to IIC's contention. Money loses its value over time, regardless of why it is awarded, be it for tort or for workers' compensation. Indeed, if anyone has been unjustly enriched, it is IIC by delaying payment of Moretz's medical benefits. *See also Merdes v. Underwood*, 742 P.2d 245, 251 (Alaska 1987).

IIC argues that medical benefits should not be treated as part of a "compensation" award within the meaning of the Workers' Compensation Act, and should therefore fall outside of the policy expressed in *Rawls*. *See* AS 23.30.205(a). In addressing whether medical benefits constitute "compensation," this court noted in *Williams v. Safeway Stores*, 525 P.2d 1087 (Alaska 1974), that the only reasonable reading of the word "compensation" is one which includes medical benefit payments. *Williams*, 525 P.2d at 1089 n. 6; *cf., Providence Washington Ins. Co. v. Busby*, 721 P.2d 1151, 1152 (Alaska 1986) (per curiam).[2]

While we suggested that the area was ripe for legislative clarification, *Williams*, 525 P.2d at 1089 n. 6, the legislature has yet to act on the suggestion. Until the legislature chooses to speak, we will continue to deem medical benefits as compensation for purposes of interest.

Finally, common sense refutes IIC's position. IIC does not dispute the proposition that if Moretz had paid all of his medical benefits out of his own pocket, he would be entitled to prejudgment interest. It should make no difference that instead he took money out of his own pocket and bought an insurance contract from Blue Cross, which in turn paid the health care providers.[3]

## III. CONCLUSION

The judgment of the superior court is REVERSED and the case is REMANDED to the Board for further proceedings consistent with this opinion.

---

2. We adopted a narrow interpretation of "compensation" in the context of the Second Injury Fund to exclude medical benefits, but this was a situation we were careful to distinguish from the general situation at issue here. *Busby*, 721 P.2d at 1153 ("The Court concludes that differing interpretations of compensation in other contexts cited to the Court, such as that of the broader liability of an employer to an employee under AS 23.30.045(a), are inapposite to the case at bar").

3. IIC contends that O'Neill, Moretz's employer, actually paid the premiums on the Blue Cross policy. However, the distinction is immaterial, since the policy was part of Moretz's salary package and thus inured to his economic advantage, just as if O'Neill had instead paid him the purchase price. IIC concedes that had the Board held Moretz's claim to be non-compensable, Blue Cross would have paid anyway.