1997–NMSC–003

930 P.2d 1155

**Shirley Ann ARCHER, Plaintiff,**

v.

**ROADRUNNER TRUCKING, INC., a New Mexico corporation, and Paul Stehlik, Defendants.**

No. 23340.

Supreme Court of New Mexico.

Dec. 23, 1996.

Sterling F. Black, Albuquerque, for Plaintiff.

Civerolo, Wolf, Gralow & Hill, Paul L. Civerolo, Nickay B. Manning, and Richard C. Civerolo, Albuquerque, for Defendants.

## OPINION

RANSOM, Justice.

1. Shirley Ann Archer filed an action for loss of spousal consortium against Roadrunner Trucking, Inc. and Paul Stehlik in the United States District Court for the District of New Mexico. Archer's husband Douglas, an employee of Roadrunner Trucking, sustained a work-related injury while assisting fellow employee Stehlik in operating a forklift. Douglas received benefits for this injury under the New Mexico Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (Repl.Pamp.1991 & Cum.Supp.1996). Archer then filed suit against Roadrunner and Stehlik for loss of spousal consortium which she alleges to be a claim separate from her husband's claim for workers' compensation, and thus not within the exclusivity provisions of the Workers' Compensation Act. Defendants argue that an action for loss of consortium is derivative of the injured spouse's right to recover, and thus prohibited by the Act.

2. Finding no controlling precedents concerning this issue of New Mexico law, the district court certified to this Court the question whether "the exclusivity provisions of the New Mexico Workers' Compensation Act [52–1–6(C), (D) and (E), 52–1–8 and 52–1–9] bar a separate common law cause of action for loss of consortium by the Worker's spouse when the claim is separate from the Worker's claims under the Act and is part of a separate case?" We accepted this certification pursuant to Rule 12–607 NMRA 1996 (providing authority to answer by formal written opinion questions certified to our Court by federal courts).

3. *The exclusivity provisions of the Workers' Compensation Act.* The Workers' Compensation Act is *sui generis* and in derogation of the common law. *Williams v. Amax Chem. Corp.,* 104 N.M. 293, 294, 720 P.2d 1234, 1235 (1986) *overruled on other grounds by Michaels v. Anglo Am. Auto Auctions, Inc.,* 117 N.M. 91, 93, 869 P.2d 279, 281 (1994). The act creates rights that do not exist at common law, and precludes application of rights that do exist at common law. The legislature makes clear its intention that the Act provide the exclusive remedy for an injured employee:

C. Every worker shall be conclusively presumed to have accepted the provisions of the Workers' Compensation Act if his employer is subject to the provisions of that act and has complied with its requirements, including insurance.

D. Such compliance with the provisions of the Workers' Compensation Act, including the provisions for insurance, shall be, and construed to be, a surrender by the employer and the worker of their rights to any other method, form or amount of compensation or determination thereof or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding whatever....

E. The Workers' Compensation Act provides exclusive remedies. No cause of action outside the Workers' Compensation Act shall be brought by an employee or dependent against the employer or his representative, including the insurer, guarantor or surety of any employer, for any matter relating to the occurrence of or payment for any injury or death covered by the Workers' Compensation Act.

Section 52–1–6. To reinforce this concept, the Act provides that

all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in the Workers' Compensation Act.

Section 52–1–8. Additionally, Section 52–1–9 provides that "[t]he right to the compensation provided for in this act, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases" covered by the Act.

4. *Loss of consortium.* New Mexico only recently has recognized a common-law action for spousal loss of consortium. *See Romero v. Byers,* 117 N.M. 422, 424, 872 P.2d 840, 842 (1994). The common-law action for "[l]oss of 'consortium' consists of several elements, encompassing not only material services but such intangibles as society, guidance, companionship, and sexual relations." *Id.* at 425, 872 P.2d at 843 (*quoting Black's Law Dictionary* 309 (6th ed. 1990)). In other words, "[l]oss of consortium is simply the emotional distress suffered by one spouse who loses the normal company of his or her mate when the mate is physically injured due to the tortious conduct of another." *Id.*

5. *Loss-of-consortium damages precluded.* While the Workers' Compensation Act prohibits an employee *or the employee's dependents* from bringing a cause of action against the employer outside the Act for any matter relating to an injury covered by the Act, Archer asserts that the spouse of an injured employee is not a dependent, and may recover loss-of-consortium damages. She asserts that she has a property interest, separate from her husband, in recovering for

loss of consortium. For the reasons stated below, we disagree.

6. —*Statutory construction.* The Act defines spousal dependents *entitled to compensation under the Act* as "the widow or widower, only if living with the deceased at the time of his death or legally entitled to be supported by him, including a divorced spouse entitled to alimony." NMSA 1978, § 52–1–17(B) (Repl.Pamp.1991). The definition of "dependent" does not specifically address Archer's situation. She is not seeking compensation under the Act as the widow of a deceased worker.[1] On the other hand, this definition of "dependent" is not controlling if "the context otherwise requires." *Id.* Section 52–1–9 states that the right to compensation under the Act shall obtain "in lieu of any other liability whatsoever, to any and all persons whomsoever." The intent of the legislature is conclusively expressed by this language.

■ 7. Our main goal in statutory construction is to give effect to the intent of the legislature. *Roth v. Thompson,* 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992). To accomplish this goal, we look to the "object the legislature sought to accomplish and the wrong it sought to remedy." *Lopez v. Employment Sec. Div. of N.M. Dep't of Labor,* 111 N.M. 104, 105, 802 P.2d 9, 10 (1990). Both this Court and the Court of Appeals have on many occasions explained the legislative intent in enacting the Workers' Compensation Act. The Act may be seen as a social contract between employer and employee in which the former agrees to pay under a no-fault system and the latter agrees to pursue only those benefits provided for under the Act. "Those benefits are designed to keep the injured workers and their families off the welfare rolls and to make industry bear the burden of workers' injuries. The interests will sometimes include the interest in recovering these minimal benefits in lieu of tort damages." *Corn v. New Mexico Educators Fed. Credit Union,* 119 N.M. 199, 203, 889 P.2d 234, 238 (Ct.App.1994) (citation omitted). "The Act, in effect, is designed to supplant the uncertainties of tort remedies and the burden of establishing an employer's negligence with a system of expeditious and scheduled payments of lost wages based on accidental injury or death in the course and scope of employment." *Sanchez v. M.M. Sundt Constr. Co.,* 103 N.M. 294, 296–97, 706 P.2d 158, 160–61 (Ct.App.1985).

■ 8. In *Roseberry v. Phillips Petroleum Co.,* we were faced with this exact issue, although under a different version of the Act and before our adoption of loss of consortium. 70 N.M. 19, 369 P.2d 403 (1962). Without addressing the propriety of the loss-of-consortium claim, we held that a spouse was prohibited from bringing a third-party action against the employer when the injured employee had received compensation under the Act. *Id.* at 21–22, 369 P.2d at 405–06. We stated that:

> The language of the New Mexico statute is very restrictive and all embracing. It expressly limits the liability of the employer and abolishes all rights and remedies of every person whomsoever against the employer except as provided by the Act. The basis upon which the Workmen's Compensation law rests is that it imposes upon the employer an absolute, though limited, liability, not based upon the principle of tort but upon compensation to the injured employee regardless of fault and free from the common-law defenses of assumption of risk, contributory negligence and negligence of a fellow-employee, in exchange

---

1. Our Court of Appeals recently addressed the exclusivity of death benefits in *Singhas v. New Mexico State Highway Dep't,* 120 N.M. 474, 902 P.2d 1077 (Ct.App.), *cert. granted,* 120 N.M. 394, 902 P.2d 76 (1995), where, in the wake of a fatal car accident, the husband of the deceased employee sought loss-of-consortium damages after having recovered death benefits under the Act. Holding that the exclusivity provision would exclude the action for loss of consortium, the Court noted that Section 52–1–6(D) specifically provides that compliance with the Act "shall bind the worker himself and, for compensation for his death, shall bind his personal representative, his surviving spouse and next of kin." *See id.* at 480, 902 P.2d at 1083 (emphasis omitted) (quoting § 52–1–6(D)).

for a release from the unlimited liability to which he was theretofore subject upon the theory of negligence.

It is clear to us that the injury for which appellant seeks recovery resulted from an accidental injury sustained by her husband arising out of and in the course of his employment. She is, therefore, seeking recovery against the employer for her damage which is dependent, nevertheless, upon the employee's compensable injury for which the employer is paying the compensation provided by law.

*Id.* at 21, 369 P.2d at 405 (citations omitted). This language from *Roseberry* is directly on point and still applicable, even though it predates *Romero* by three decades. In New Mexico, a spouse cannot recover for an injury which is derivative of a worker's injury that has been compensated under the Act.

9. —*Other jurisdictions.* Other jurisdictions that have considered this question have also held that the exclusivity provisions of a workers' compensation statute bar a claim for loss-of-consortium damages. *See generally* 2A Arthur Larson & Lex K. Larson, *The Law of Workmen's Compensation* § 66.21, at 12–89 to –92 (1996) (noting that states "with near unanimity have barred suits by husbands for loss of the wife's services and consortium, [and] by wives for loss of the husband's services"). For example, in *Fritzson v. City of Manhattan*, the Supreme Court of Kansas stated:

> We are of the opinion the exclusive remedy provision of the Workmen's Compensation Act bars an employee or his dependents from bringing a common-law action against the employer to recover damages resulting from injuries sustained by the employee in the course of his employment and for which compensation has been paid to such employee pursuant to the provisions of the Act.

215 Kan. 810, 528 P.2d 1193, 1195 (1974); *accord Wright v. Action Vending Co.*, 544 P.2d 82, 86 (Alaska 1975) (holding loss-of-consortium claim barred by exclusivity provision); *Mardian Constr. Co. v. Superior Court*, 157 Ariz. 103, 754 P.2d 1378, 1381 (Ct.App.1988) (rejecting action for loss of

consortium because, "in line with the overwhelming majority of cases, the Arizona Worker's Compensation statutes evidence a clear legislative intent to bar any common law right-of-action which might possibly flow from a work-related injury"); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 233 Cal.Rptr. 308, 317, 729 P.2d 743, 752 (1987) (stating that "claims for loss of consortium are excluded where the spouse's injury giving rise to the loss is compensable under the compensation act"); *Wesson v. City of Milford*, 5 Conn.App. 369, 498 A.2d 505, 507 (1985) ("All rights and claims between employers and employees, or any representatives or dependents of such employees arising out of personal injury or death sustained in the course of employment are abolished, other than rights and claims given by that chapter."); *Henderson v. Hercules, Inc.*, 253 Ga. 685, 324 S.E.2d 453, 454 (1985) ("[I]f a wife's injury is covered by workers' compensation, her husband's common law action for loss of consortium is barred."); *Tapia v. Heavner*, 648 N.E.2d 1202, 1208 (Ind.Ct.App. 1995) (stating that "the exclusivity section of the Act bars a cause of action for loss of consortium advanced by the spouse of an employee injured at work"); *Johnson v. Farmer*, 537 N.W.2d 770, 773 (Iowa 1995) (finding that "[t]he exclusive remedy provisions ... serve to preclude the loss-of-consortium claims"); *Fritzson*, 528 P.2d at 1194 (noting that "[a] majority of the courts have held a wife's action for loss of her husband's consortium is barred by the exclusive remedy provision of the applicable Workmen's Compensation Law"); *Vallery v. Southern Baptist Hosp.*, 630 So.2d 861, 864–65 (La.Ct.App. 1993) (noting that other jurisdictions are "uniform in holding that a spouse's loss of consortium claim is subject to the 'exclusive remedy' provision" of workers' compensation); *St. Germaine v. Pendergast*, 411 Mass. 615, 584 N.E.2d 611, 618 (1992) (holding that "spouses, children and parents are equally entitled to bring loss of consortium claims, and those claims are equally barred where the injury is compensable under" the Act); *Felts v. Ford Motor Co.*, 916 S.W.2d 798, 803 (Mo.Ct.App.1995) (holding loss-of-consortium claim barred by exclusivity provision); *Wald*

v. City of Grafton, 442 N.W.2d 910, 911 (N.D. 1989) (holding that exclusivity provisions of the Act "bar the recovery of damages for loss of consortium by the spouse of an injured worker in an action against the injured worker's employer"); Cipriano v. FYM Assoc., 117 A.D.2d 770, 499 N.Y.S.2d 101, 102 (1986) (finding that the "exclusive remedy for personal injury, loss of services and loss of consortium is thus limited to their claim under ... workers' compensation"); Rios v. Nicor Drilling Co., 665 P.2d 1183, 1185 (Okla.1983) (rejecting loss-of-consortium claim because "the liability imposed by the Act was exclusive of all common-law liability to either the husband or wife"); Lowery v. Wade Hampton Co., 270 S.C. 194, 241 S.E.2d 556, 558 (1978) (finding that the exclusivity provision of the Act "barred [the husband] from bringing an action for loss of consortium against his wife's employer"); Derosia v. Book Press, Inc., 148 Vt. 217, 531 A.2d 905, 908 (1987) ("[W]e hold that plaintiff's loss of consortium claim ... is barred by the exclusive remedy provision of the workers' compensation statute."); Rosencrans v. Wisconsin Tel. Co., 54 Wis.2d 124, 194 N.W.2d 643, 645–46 (1972) (refusing to graft the common-law action for loss of consortium onto the Act). These cases are persuasive and in accord with our holding in this case.

10. —*Property right.* Archer argues that the exclusivity provision does not apply to bar her claim for loss of consortium because her action is based on a property right. She states that "[l]oss of consortium is a separate cause of action, separate property, and does not seek damages for injuries suffered on the job." Plaintiff does not provide any authority for this proposition. We have indicated that in distinguishing community from separate property, loss of consortium is separate property. Romero v. Byers, 117 N.M. 422, 426, 872 P.2d 840, 844 (1994). However, the fact that loss of consortium is to be treated as separate property does not dictate whether the exclusivity provisions of the Act apply. Plaintiff's argument that the exclusivity provisions do not apply to separate property is supported by no authority we have reviewed. To the contrary, in the context of workers' compensation benefits,

loss of consortium is viewed as a related action rather than a truly independent or separate action and thus within the legislature's intent in drafting the exclusivity provisions.

11. Loss of consortium derives from the underlying cause of action in the physically-injured spouse. The damages sought in a loss-of-consortium action are consequential or special damages. See Ziegler v. United States Gypsum Co., 251 Iowa 714, 102 N.W.2d 152, 153 (1960) (referring to loss of consortium as consequential damages); Peters v. Bodin, 242 Minn. 489, 65 N.W.2d 917, 922 (1954) (describing loss of consortium as special damages). Loss-of-consortium damages are contingent upon the injured person's entitlement to general damages. See Carbon Hill Mfg. v. Moore, 602 So.2d 354, 356 (Ala.1992) (expressly overruling earlier decision which held that "[t]he fact that there may be some impediment to bringing a wrongful death or personal injury action on [the injured husband's] behalf does not mean there is any impediment to [his wife] bringing her loss of consortium claim"); Peters, 65 N.W.2d at 922 (holding that the right to recovery for loss-of-consortium damages "is derivative only, so that if [the physically-injured spouse] has no valid claim for such injuries, [the other spouse] is likewise without right to recover for [loss-of-consortium] damages"); Reed Tool Co. v. Copelin, 610 S.W.2d 736, 738 (Tex.1981) (holding that a wife's cause of action for loss of consortium is derivative of her husband's negligence action against the employer); Upjohn Co. v. Freeman, 885 S.W.2d 538, 549 (Tex.App.1994) ("Loss of spousal or parental consortium are derivative of the family member's claim for personal injury."); Rodriguez v. Naylor Indus., 751 S.W.2d 701, 702 (Tex.App.1988) (stating that "a wife's cause of action for loss of consortium arising from an injury to her husband is derivative of her husband's suit") rev'd on other grounds, 763 S.W.2d 411 (Tex. 1989); cf. Ziegler, 102 N.W.2d at 153 (reasoning that the husband's right to recover for loss-of-consortium damages is "based upon the wife's right to recover for her direct injuries"); Oldani v. Lieberman, 144 Mich.

App. 642, 375 N.W.2d 778, 779 (1985) ("[A] claim for loss of consortium is derivative and recovery in [such an action] is contingent upon the injured person's recovery of damages."); *Hilla v. Gross*, 43 Mich.App. 648, 204 N.W.2d 712, 714 (1972) (stating that loss-of-consortium damages are "derivative" and "contingent upon the injured person's recovery of damages").

■ 12. Where the defendant is not liable to the injured person for physical injuries there can be no derivative claim for consequential damages by the injured person's spouse. *See Ziegler*, 102 N.W.2d at 153 (stating that husband has no cause of action for consequential damages if defendant is not guilty of tort that would give right of action to injured wife); *Reed Tool Co.*, 610 S.W.2d at 738 ("[T]he wife, as a prerequisite to recovery, must establish the tortfeasor's liability for her husband's physical injuries. Unless this liability can be shown, the wife has no cause of action regardless of the extent of her injuries."); *Upjohn Co.*, 885 S.W.2d at 549 (requiring the family to "prove that the defendant is liable for the personal injuries suffered by [the injured family member]" in order to bring an action for loss of consortium). The exclusivity provisions of the New Mexico Workers' Compensation Act would immunize Roadrunner Trucking from liability for Archer's husband's injuries if he were to bring a negligence action against Roadrunner. Therefore, Archer's derivative claim for loss of consortium is barred.

■ 13. We read this requirement—that the injured person must be entitled to general damages before the spouse is entitled to loss-of-consortium damages—in light of *Sanchez v. Clayton*, 117 N.M. 761, 766–68, 877 P.2d 567, 572–74 (1994). In *Sanchez*, we held that before a plaintiff may recover punitive damages he or she must state a cause of action under which he or she is *entitled* to actual, compensatory, or nominal damages depending on the nature of the case. *Id.* Similarly, a plaintiff claiming spousal loss-of-consortium damages may recover such damages only if the injured person has a cause of action for physical injuries. Following the logic of *Sanchez*, while the injured person·

need not in fact have recovered general damages in order for his or her spouse to recover loss-of-consortium damages, the injured spouse must have been entitled to an action for general damages. *Cf. id.*

14. We are aware of no jurisdiction that currently accepts the argument that the spouse's cause of action for consortium is not barred by the exclusivity provisions of a workers' compensation statute because the action is a separate property. In fact, there is considerable authority rejecting that very proposition. In *Rodriguez*, the wife of an injured employee sought damages for loss of consortium arguing that her "claim for loss of consortium [is] her separate property." 751 S.W.2d at 702. The Texas court rejected this argument on the grounds that her loss-of-consortium cause of action is derivative of her husband's suit. *Id.* In *Oldani*, 375 N.W.2d at 779, an appellate court in Michigan considered an ex-husband's contention that "his right to sue for loss of consortium was not lost by his ex-wife's settlement with defendants, because it was a separate claim for injury to him, and his [ex-]wife had no power to settle or release that separate claim." The court rejected the ex-husband's argument and analogized his ex-wife's settlement to the exclusivity provisions of workers' compensation: "[w]hen an injured person's claim is barred by the exclusive remedy provision of the Worker's Disability Compensation Act, the loss of consortium claim is also barred." *Id.* (footnote omitted). In *Ziegler*, 102 N.W.2d at 153, the Iowa Supreme Court held that although the wife had a right to recover loss-of-consortium damages, this right is dependent upon the husband's right to collect tort damages. The court noted that at common law, the right of the husband to recover for loss of consortium was "based upon the wife's right to recover for her direct injuries. Where the defendant is not guilty of a tort which would give a right of action to the wife the husband cannot maintain an action for consequential damages." *Id.* In other words, "[t]he right of the wife to recover for the loss of consortium is coextensive with the right of the husband. By the same token she can not recover for consequential

damages as a result of injury to the husband where his right of action has been taken from him by [the exclusivity provisions of workers' compensation]." *Id.* (citation omitted).

15. There is only one case of which we are aware that accepted Archer's separate property argument and it has since been overruled. *See Mattison v. Kirk*, 497 So.2d 120, 123 (Ala.1986), *overruled by Moore*, 602 So.2d at 356. In *Moore*, the Alabama Supreme Court repudiated the erroneous reasoning in *Mattison* where the court had stated:

> [T]he wife's right of consortium is her separate right. Although her loss derives out of her husband's injury, her claim is independent of his.
>
> ... The fact that there may be some impediment to bringing a wrongful death or personal injury action on his behalf does not mean there is any impediment to *her* bringing her loss of consortium claim. Thus, it is irrelevant that a claim on his behalf, whether for wrongful death or personal injury, may fail under the provisions of the Workmen's Compensation Act.

*Mattison*, 497 So.2d at 123. Therefore, because Archer's loss-of-consortium action seeks consequential damages that derive from her husband's ability to state a cause of action for damages resulting from Roadrunner's negligence, and that action is barred by the exclusivity provisions of the Workers' Compensation Act, her loss of consortium action is similarly barred.

16. *Conclusion.* We hold that the Workers' Compensation Act bars an action for loss of consortium by the spouse of an injured worker.

17. **IT IS SO ORDERED.**

FRANCHINI and MINZNER, JJ., concur.

1997–NMSC–001