# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:  **JULY 31, 2015**

**NO. 33,032**

**HENRY ROMERO,**

     Worker-Appellant,

**v.**

**LAIDLAW TRANSIT SERVICES, INC.**
**d/b/a SAFERIDE SERVICES, INC. and**
**INSURANCE COMPANY OF THE STATE**
**OF PENNSYLVANIA,**

     Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Timothy S. Hale
Paulette J. Dixon
Albuquerque, NM

for Appellees

**OPINION**

**ZAMORA, Judge.**

{1}     In this workers' compensation case, Henry Romero (Worker) appeals from an order awarding him permanent partial disability (PPD) benefits, partial attorney fees, and imposing bad faith sanctions against Laidlaw Transit Services, Inc. d/b/a Saferide Services, Inc. (Employer), and the Insurance Company of the State of Pennsylvania (Insurer). Worker maintains that the bad faith sanctions imposed against Employer/Insurer were inadequate and that he should not have been required to pay half of his attorney fees. We affirm.

**BACKGROUND**

{2}     Worker was employed as a patient transporter and driver for Employer. Worker was injured in two separate accidents, which both occurred within the scope of his employment. On April 13, 2006, a compensation order was entered finding that Worker had sustained compensable injuries as a result of the accidents. Worker was awarded temporary total disability (TTD) benefits. An interim order was entered March 9, 2012, reflecting a stipulation by the parties to reduce Worker's TTD benefits to PPD benefits at 80 percent.

{3}     In August 2012, the parties reached a settlement agreement. Worker agreed to accept a lump sum payment in lieu of additional workers' compensation benefits, and

Insurer agreed to continue paying Worker PPD benefits until the order approving settlement was filed. The agreement was presented to and approved by the Workers' Compensation Judge (WCJ) on August 10, 2012, and the order approving settlement was filed on August 30, 2012. However, Insurer had discontinued payment of PPD benefits on August 10, 2012, the day the WCJ approved the settlement rather than August 30, 2012, the day the order was filed.

{4} Worker sent letters requesting payment of PPD benefits for the period from August 10, 2012, to August 30, 2012, and received no response from Insurer. Worker requested that the WCJ enter an order directing payment of the PPD benefits along with post-judgment interest, a benefit penalty, and attorney fees. On March 7, 2013, the WCJ entered an order directing payment of the PPD benefits. The WCJ found that, contrary to the order approving settlement and despite Worker's requests for payment, Insurer failed or refused to issue the missed PPD payments. The WCJ ordered Insurer to issue payment of the PPD benefits and post-judgment interest, which together totaled $864.76. The WCJ set a hearing to address Worker's request for a benefit penalty and attorney fees.

{5} The hearing was held on March 20, 2013. The WCJ found that Insurer: failed to timely issue payment of the lump sum settlement funds pursuant to the order approving settlement; failed to pay PPD benefits in compliance with the order

approving settlement; took no action in response to Worker's requests for payment; failed to respond to Worker's application to the WCJ requesting the order directing payment; failed to timely comply with the WCJ's order requiring payment of the PPD benefits; and offered no excuse or justification for its failure to comply with the WCJ's orders.

{6}     The WCJ found that Insurer had willfully disregarded Worker's rights and violated the WCJ's orders and that Insurer knew that there was no reasonable basis for its conduct. The WCJ determined that Insurer's conduct constituted bad faith and/or unfair claim processing. The WCJ ordered Insurer to pay Worker $864.76 in PPD benefits, plus a benefit penalty of $216.19, for a total award of $1,080.95. The WCJ also awarded $2,500 in attorney fees to be shared equally between Insurer and Worker. Worker was responsible for $1,250 in attorney fees, resulting in a $169.05 net loss to Worker. Worker appealed.

**DISCUSSION**

{7}     On appeal, Worker argues that the Workers' Compensation Act (the Act), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2015), provides an inadequate remedy for unfair claim-processing practices and bad faith claims. Worker also challenges the WCJ's decision concerning attorney fees.

3

**Standard of Review**

{8}     We review the WCJ's factual findings under a whole record standard of review. *Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926. We give deference to the WCJ as fact finder where findings are supported by substantial evidence. *See DeWitt v. Rent-A-Ctr., Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341. The WCJ's application of the law to the facts is reviewed de novo. *Ruiz v. Los Lunas Pub. Sch.*, 2013-NMCA-085, ¶ 5, 308 P.3d 983. We also apply a de novo standard of review to the extent that our analysis involves the interpretation of workers' compensation statutes. *See Ramirez v. IBP Prepared Foods*, 2001-NMCA-036, ¶ 10, 130 N.M. 559, 28 P.3d 1100 (stating that interpretation of a workers' compensation statute is a question of law to be reviewed de novo), *superseded by statute on other grounds as stated in Baca v. Los Lunas Cmty. Programs*, 2011-NMCA-008, 149 N.M. 198, 246 P.3d 1070. The WCJ's award of attorney fees is reviewed for abuse of discretion. *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 15, 121 N.M. 258, 910 P.2d 334.

**Unfair Claim-Processing Practices and Bad Faith**

{9}     Section 52-1-28.1(B) provides that when an employer/insurer engages in unfair claim processing or bad faith, the worker shall be awarded "any benefits due and owing" and "a benefit penalty not to exceed twenty-five percent of the benefit amount

4

ordered to be paid." In this case, the WCJ awarded a benefit penalty of $216.19, an amount equal to twenty-five percent of the benefit amount ordered to be paid. This is the maximum benefit penalty allowable under the statute.

{10} Worker argues that the benefit penalty allowed by Section 52-1-28.1 is insufficient to deter bad faith and unfair claim processing by employers/insurers and that workers are deterred from pursuing bad faith and unfair claim-processing claims because the cost of successfully pursuing such claims exceeds the available benefit penalty. Worker also argues against Section 52-1-28.1 as an exclusive remedy for workers' bad faith claims.

{11} Section 52-1-28.1 was enacted in response to *Russell v. Protective Insurance Co.*, 1988-NMSC-025, ¶¶ 8-9, 107 N.M. 9, 751 P.2d 693, *abrogated by Cruz v. Liberty Mutual Insurance Co.*, 1995-NMSC-006, 119 N.M. 301, 889 P.2d 1223. *See Meyers v. W. Auto*, 2002-NMCA-089, ¶ 16, 132 N.M. 675, 54 P.3d 79. In *Russell,* the New Mexico Supreme Court held that, because the Act did not address bad faith claims in a workers' compensation context, such claims could be brought in the district court. 1988-NMSC-025, ¶¶ 8-9. Subsequently, the Legislature enacted Section 52-1-28.1 that provided workers with a remedy for bad faith and unfair claim-processing practices.

{12} In *Cruz*, the New Mexico Supreme Court addressed the question of whether the statute provides an adequate and exclusive remedy for workers' bad faith claims. 1995-NMSC-006, ¶¶ 2, 4. In *Cruz*, an injured worker filed a complaint in district court alleging "fraud, bad faith, breach of contract, breach of the insurance code, civil conspiracy, invasion of privacy, negligent misrepresentation, and racketeering" after the employer/insurer refused to pay for the worker's treatment as set forth in the parties' settlement agreement. *Id.* The district court dismissed the worker's complaint, finding it lacked jurisdiction due to the Act's exclusivity provision. *Id.* ¶ 6. The worker appealed, arguing that Section 52-1-28.1 was not an exclusive or adequate remedy for bad faith and unfair claim-processing claims. *Cruz*, 1995-NMSC-006, ¶¶ 7, 13.

{13} Our Supreme Court discussed the effect of Section 52-1-28.1 on workers' bad faith claims. *Cruz*, 1995-NMSC-006, ¶¶ 7-14. As to the statute's exclusivity, the Court explained that prior to the enactment of Section 52-1-28.1, workers were not afforded a remedy for bad faith and unfair claim processing under the Act. *Cruz*, 1995-NMSC-006, ¶ 9. The Court determined that the Legislature, by enacting Section 52-1-28.1 and providing a remedy for bad faith under the Act, brought all workers' bad faith claims under the Act's exclusivity provision and abrogated workers' rights to file bad faith actions in district court. *Cruz*, 1995-NMSC-006, ¶¶ 9, 11.

6

{14} As to the adequacy of the remedy, the Court stated that "[t]he purpose of the bad[]faith action in the Act is to secure benefits for the employee and penalize the employer or insurer." *Id.* ¶ 14. The Court noted that under Section 52-1-28.1, the worker receives all benefits due and owing as well as the extra benefit penalty of up to twenty-five percent of the claim. *Cruz*, 1995-NMSC-006, ¶ 14. The Court recognized that the benefit penalty would not be large in cases involving small claims. *Id.* Nonetheless, the Court concluded that the penalty amount was adequate and provided "sufficient deterrence to prevent an insurer from denying benefits in bad faith and enforces the public policy against the bad[]faith handling of workers' compensation claims." *Id.*

{15} Worker urges this Court to re-examine and overturn the holding of *Cruz* concerning the adequacy and exclusivity of the remedies provided in Section 52-1-28.1. We decline to do so. Our Supreme Court's decision in *Cruz* is binding, and we do not have the authority to overrule it. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778 (stating that "the Court of Appeals is to be governed by the precedents of [the Supreme C]ourt"); *Meyers*, 2002-NMCA-089, ¶ 21 ("Worker challenges the holding of *Cruz* with respect to exclusivity and the adequacy of remedies available under Section 52-1-28.1. However, this Court does not have authority to overrule *Cruz*.").

7

**Worker's Other Arguments Related to the Act's Exclusivity**

{16} Worker argues that NMSA 1978, Section 59A-16-30 (1990), which provides a private right of action for bad faith under the Insurance Code and which specifically excludes actions by workers subject to the Act's exclusivity, violates the Equal Protection Clause of the New Mexico Constitution. Worker also argues that the district court should be granted concurrent jurisdiction with WCJs to assess penalty benefits for workers' bad faith claims. With regard to both of these arguments, Worker does not cite any supporting authority or develop factual bases on which we can evaluate his claims. As such, we will not review these arguments on appeal. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court will not review unclear or undeveloped arguments or guess at what parties' arguments might be); *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that appellate courts will not consider propositions that are unsupported by citation to authority).

**Attorney Fees**

{17} The WCJ determined and allocated Worker's attorney fees pursuant to NMSA 1978, § 52-1-54(I), (J) (2003, amended 2013), which provided in pertinent part:

> I. . . . The workers' compensation judge may . . . award[] a reasonable attorney fee if [he] finds that a claimant, an insurer or an

8

employer acted in bad faith with regard to handling the injured worker's claim and the injured worker or employer has suffered economic loss as a result. However, in no case shall this additional amount exceed two thousand five hundred dollars ($2,500). . . .

J. . . . [T]he payment of a claimant's attorney fees determined under this section shall be shared equally by the worker and the employer.

{18} Worker argues that the WCJ abused his discretion in assessing fifty percent of the awarded attorney fees to him. Worker relies on 11.4.4.13(B), (D)(1) NMAC (6/13/2003, amended 12/31/2012 and 10/1/2014), which provide that a WCJ may assess reasonable attorney fees to a party upon a finding of bad faith or unfair claim processing.[1] Worker contends that, under the circumstances of this case, it was reasonable to assess 100 percent of Worker's attorney fees to Insurer pursuant to the regulations. Worker's reading of the regulation puts it in direct contravention to Section 52-1-54(J). Worker's argument fails for two reasons.

{19} First, "[a]n administrative agency has no power to create a rule or regulation that is not in harmony with its statutory authority." *Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 7, 288 P.3d 902 (internal quotation marks and citation omitted). "If there is a conflict or inconsistency between statutes and regulations promulgated by an agency, the language of the statutes shall prevail. An

---

[1]This regulation was amended in 2014, and the current version does not contain the provisions Worker relies on.

9

agency by regulation cannot overrule a specific statute." *Jones v. Emp't Servs. Div. of Human Servs. Dep't,* 1980-NMSC-120, ¶ 3, 95 N.M. 97, 619 P.2d 542.

{20} Second, we will not adopt a construction of an administrative code provision that is inconsistent with a related statute if consistent construction is possible. In interpreting sections of the administrative code, we employ the same rules as used in statutory construction. *AMREP Sw. Inc. v. Sandoval Cnty. Assessor*, 2012-NMCA-082, ¶ 9, 284 P.3d 1118. The primary goal "is to give effect to the intent of the [L]egislature." *Archer v. Roadrunner Trucking, Inc.*, 1997-NMSC-003, ¶ 7, 122 N.M. 703, 930 P.2d 1155. Administrative regulations should be construed in harmony with related statutory provisions if possible. *See Fowler v. Vista Care*, 2014-NMSC-019, ¶ 7, 329 P.3d 630 ("[The appellate courts] will not read the plain language of the statute in a way that is absurd, unreasonable, or contrary to the spirit of the statute, and will not read any provision of the statute in a way that would render another provision of the statute null or superfluous[.]" (internal quotation marks and citations omitted)); *DeWitt*, 2009-NMSC-032, ¶ 14 (stating that related provisions should be read together "to produce a harmonious whole"); *AMREP*, 2012-NMCA-082, ¶ 14 (reading pertinent statutory and administrative code provisions "together so as to give effect to their meaning"); *Howell v. Marto Elec.*, 2006-NMCA-154, ¶ 16, 140 N.M. 737, 148 P.3d 823 ("[I]t is the function of [the] courts to interpret [statutes and

10

regulations] in a manner consistent with the legislative intent."). We conclude that 11.4.4.13(B), (D) NMAC (6/13/2003) cannot be read in a manner consistent with Section 52-1-54. Accordingly, we reject Worker's argument that the WCJ abused his discretion by failing to assess attorney fees entirely to Insurer under the regulation.

{21}    We note that Section 52-1-54(I) and (J) were amended effective June 14, 2013. The current version of the statute provides that a "party found to have acted in bad faith *shall pay [100] percent* of the additional fees awarded for representation of the prevailing party in a bad faith action." Section 52-1-54(I) (emphasis added). However, because Worker's claim with regard to the benefit penalty and attorney fees was pending at the time the statute was amended, Article IV, Section 34 of the New Mexico Constitution precludes the application of the current version of the statute to this case. *See* N.M. Const. art. IV, § 34 ("No act of the [L]egislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case.").

**CONCLUSION**

{22}    For the foregoing reasons, we affirm the WCJ's order.

{23}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

11

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**