This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42057

**RACHEL LAY,**

Worker-Appellant,

v.

**CC JONES TRUCKING, and
AR TRUCKING ASSOCIATION,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Shanon S. Riley, Workers' Compensation Judge**

Dorato & Weems, LLC
Derek L. Weems
Albuquerque, NM

for Appellant

Hoffman Kelley Law Firm
Jeffrey Federspiel
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Rachel Lay (Worker) appeals the amended order entered by the Workers' Compensation Judge (WCJ) awarding Worker benefit penalties in the amount of $3,923.97 for CC Jones Trucking and AR Trucking Association's (collectively, Employer/Insurer) unfair claim processing. Finding no error, we affirm.

**BACKGROUND**

**{2}** This case is before us for the second time. *See Lay v. CC Jones Trucking*, A-1-CA-38737, mem. op. (N.M. Ct. App. July 17, 2023) (nonprecedential). We provide a brief overview of the procedural history before turning to the substance of Worker's claims of error.

**{3}** On October 29, 2009, Worker sustained work-related injuries to her lower back, left hip, and right leg when her team driver rolled a semi-truck while she was asleep in the sleeper cab. Worker filed a complaint for compensation benefits in 2011, and pursuant to a compensation order, Employer/Insurer began paying indemnity benefits in 2012.

**{4}** Over the next several years, Employer/Insurer repeatedly denied Worker medical benefits, including those mandated by previous orders. As a result of Employer/Insurer's recurrent denial of benefits, Worker filed multiple applications for bad faith and unfair claim processing. In June 2018, the parties entered into a settlement agreement to resolve Worker's claims. The WCJ entered a compensation order approving the settlement, which required Employer/Insurer to pay Worker $250,000 for resolution of all outstanding bad faith and unfair claim processing claims. The order also required Employer/Insurer to "timely approve all referrals and treatment recommendations by authorized healthcare providers for treatment of medical conditions casually related to the work injury," and mandated that "the only time that the Employer/Insurer may not pay for requested care is if a WCJ has entered an order allowing Employer/Insurer to deny the requested care."

**{5}** In April 2019, Worker filed another application for bad faith and unfair claim processing alleging that Employer/Insurer violated the June 2018 compensation order by failing to timely approve requested care and by denying medical care without seeking an order from the WCJ. Following a trial, the WCJ found that Employer/Insurer had a reasonable basis for denying the requested medical care and denied Worker's application for bad faith and unfair claim processing. The WCJ nevertheless ordered Employer/Insurer to approve the requested medical care within fifteen days of entry of the order.

**{6}** Worker appealed the order, and this Court issued a memorandum opinion reversing and remanding the case for reconsideration of Worker's bad faith and unfair claim processing claims. *See Lay*, A-1-CA-38737, mem. op. ¶ 13. In that opinion, we held that the plain terms of the June 2018 compensation order required Employer/Insurer to approve all medical care requested by Worker unless Employer/Insurer first filed an application with the WCJ seeking a determination that the requested medical care was no longer reasonable and necessary, and the WCJ "issued an order allowing Employer/Insurer to deny the requested care." *Id.* ¶ 9. We held that "the WCJ erred in concluding that Employer/Insurer had a reasonable basis for denying medical care when Employer/Insurer did not comply with the procedure set forth in the 2018 order." *Id.* ¶ 13.

**{7}** On remand, the WCJ found that Employer/Insurer's failure to authorize and provide the medical testing and devices at issue in the April 2019 application constituted unfair claim processing. The WCJ awarded Worker five benefit penalties pursuant to NMSA 1978, Section 52-1-28.1(B) (1990) of the Workers' Compensation Act (WCA), totaling $3,923.97, or twenty-five percent of "the value of each benefit denied." Worker appeals, contending that the WCJ erred in calculating the benefit penalties.

## DISCUSSION

**{8}** Worker's main contention on appeal challenges the value of the benefit penalties awarded by the WCJ on remand. Worker argues that the plain language of Section 52-1-28.1(B) requires the WCJ to calculate the benefit penalties as a percentage of all benefits ordered by compensation orders, rather than as a percentage of the benefits Employer/Insurer improperly denied. To the extent our review is of "a workers' compensation judge's interpretation of statutory requirements and the application of the law to the facts, we apply a de novo standard of review." *Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 15, 428 P.3d 265. To the extent Worker asks us to review the WCJ's discretionary decisions concerning the amount of the benefit penalty, our review is for abuse of discretion. *See Romero v. Laidlaw Transit Servs., Inc.*, 2015-NMCA-107, ¶ 8, 357 P.3d 463.

**{9}** Section 52-1-28.1(B) states, "If unfair claim processing or bad faith has occurred in the handling of a particular claim, the claimant shall be awarded, in addition to any benefits due and owing, a benefit penalty not to exceed twenty-five percent of the benefit amount ordered to be paid." Worker's appeal focuses on what the "benefit amount ordered to be paid" means. As this Court explained in *Sanchez v. U-Haul*, ___-NMCA-___, ¶ 18, ___ P.3d ___ (A-1-CA-41123, N.M. Ct. App. June ___, 2025), "['benefit amount ordered to be paid'] means benefits ordered by a compensation order." *See id.* (holding that "benefits ordered in the WCJ's compensation order(s) provide the basis for calculating a benefit penalty" under Section 52-1-28.1(B)).

**{10}** In this appeal, Worker urges us to adopt a universal standard where "benefit amount ordered to be paid" means "all benefits conferred by court order(s) that form the resolution of the case." Worker's argument focuses on the meaning of particular words used in Section 52-1-28.1(B). Worker observes that Section 52-1-28.1(B) provides for a benefit penalty in addition to "any benefits due and owing." Based on this, Worker contends that the "benefit amount ordered to be paid" must be different from the amount "due and owing," such that the amount of benefits due and owing cannot form the basis of the benefit penalty calculation. We disagree. If the WCJ orders payment of benefits due and owing in a compensation order, the amount of those benefits can form the basis of the benefit penalty calculation for purposes of Section 52-1-28.1(B). *See Sanchez*, ___-NMCA-___, ¶ 18. As for Worker's contention that the benefit penalty must always be calculated from the total value of Worker's claim—i.e., all benefits conferred by court order(s) that form the resolution of the case, excluding attorney fees and future medical benefits—we indicated in *Sanchez* that the plain meaning of the statutory language does not resolve this question and that ambiguities in that language

present statutory interpretation questions that we were unable to answer based on the arguments presented in that appeal. *See id.* ¶¶ 21-24. For the same reason, we are also unable to answer those questions here. Worker's statutory interpretation argument therefore provides no basis for reversal.

{11}    Turing to the case-specific arguments made by Worker, we are not persuaded that the WCJ erred in calculating the benefit penalty based on the value of the denied benefits. The WCJ found that Employer/Insurer's failure to authorize and provide medical testing and devices constituted unfair claim processing, which is defined by regulation as practices that "unreasonably delay[] or prolong[] the payment of benefits at a rate not consistent with the [WCA]." 11.4.1.7(W) NMAC. We cannot say that the WCJ's decision to base the benefit penalty calculation on the value of those benefits that were unreasonably delayed is an inappropriate basis for the unfair claim processing at issue in this case. *See Sanchez*, \_\_\_-NMCA\_\_\_, ¶ 24. Although Worker advocates for a higher penalty based on benefits ordered in earlier compensation orders, Worker has not demonstrated that any of the unfair claim processing at issue in this appeal relates to benefits awarded in those earlier compensation orders. In fact, to the extent unfair claim processing occurred with respect to benefits ordered in earlier compensation orders, we observe that Worker has already obtained a significant benefit penalty to resolve all of Worker's prior claims for Employer/Insurer's previous bad faith and unfair claim processing violations.

{12}    Worker nevertheless contends that "limiting the basis for a benefit penalty to the offending action . . . leaves [Worker] with no remedy in many circumstances," or provides an inadequate remedy to deter employers and insurers from bad faith behaviors. We reiterate that the benefit penalty amount "must be viewed in the context of the [WCA]'s overall compromise of securing benefits and limiting issues of liability and monetary awards." *Meyers v. Western Auto*, 2002-NMCA-089, ¶ 17, 132 N.M. 675, 54 P.3d 79. It is on this basis that we have previously recognized that in cases involving small claims, although the benefit penalty would not be large, it would be adequate and would sufficiently deter the bad-faith denial of benefits by insurers. *Romero*, 2015-NMCA-107, ¶ 14 (citing *Cruz v. Liberty Mut. Ins. Co.*, 1995-NMSC-006, ¶ 14, 119 N.M. 301, 889 P.2d 1223). In light of the foregoing, Worker has not established that the benefit penalties awarded in this case are improper or inadequate.

## CONCLUSION

{13}    For all of these reasons, we hold that the WCJ did not err in calculating and assessing the benefit penalties in this case. We affirm the WCJ's amended order on remand.

{14}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**